MARCUS T. HUN, as Receiver, etc., Respondent, v. JOHN W. SALTER, Appellant.

Under the Code of Civil Procedure (§ 709), in an action in the Supreme Court, triable and tried in the first judicial district, an application for an extra allowance of costs must be made in that district, although the justice before whom the cause is tried resides in another district.

The rule of the Supreme Court (44), requiring such an application to be made to the court before which the trial is had or the judgment rendered, does not authorize it to be made out of the district.

(Argued April 24, 1883; decided May 8, 1883.)

THERE were two appeals in this action, one from a judgment of General Term affirming a judgment of Special Term, the other from an order of General Term affirming an order granting an extra allowance of costs to the plaintiff. The appeal from the judgment was decided on the opinion below. As to the appeal from the order the court say:

"Order giving extra allowance of costs to the plaintiff, and this we think should be sustained. The place of trial was the county of New York, and the action was there tried and decided in February, 1881. It appears affirmatively that no application was made at the trial for an allowance of costs, nor was the question then in any way brought to the attention of the trial judge. His decision upon the issues was filed in March, 1881. On the 1st of June following, notice of this motion for an extra allowance of costs was given, to be made upon an affidavit of plaintiff's counsel, among other papers, verified on that day, and the pleadings and proceedings in the action, to be brought on before the judge who presided at the trial, but at his chambers in Canandaigua, Ontario county, and therefore in the seventh judicial district. The defendant objected to his jurisdiction on the ground that the motion could be heard only in the first judicial district, where the action was triable. The objection was well taken. Section 769 of the Code declares that where an action of the Supreme Court is triable within the first judicial district, a motion upon notice in that action 'must be made in that district.' The respondent relies upon rule 44 of the Supreme

Court, requiring an application for an additional allowance of costs to be made to the court before which the trial is had or the judgment rendered. Such construction of the rule upon the facts of this case is inconsistent with the provision of the statute already cited, and cannot prevail."

*George H. Forster* for appellant.

*Peter B. Olney* for respondent.

DANFORTH, J., reads for affirmance · of judgment, and for reversal of order without prejudice to any further application to the Supreme Court in reference to the allowance, which plaintiff may be advised to make.

All concur.

Judgment and order accordingly.