SIMEON J. M. BEAR, RESPONDENT, *v.* THE AMERICAN RAPID TELEGRAPH COMPANY, THOMAS WALLACE AND DANIEL H. CRAIG, APPELLANTS, IMPLEADED, ETC.

*Application to remove a trustee — all the beneficiaries must be made parties — extra allowance — where a motion therefor, must be made.*

Five persons conveyed to two trustees their rights and interests in certain inventions or improvements, in order to enable the trustees to dispose of them to the best advantage. The proceeds arising upon any sale were to be divided among the parties, in proportion to the value of their respective inventions, and in case of dispute the proportion was to be settled by arbitration.

This action was brought by the plaintiff, one of the parties to the agreement, to have the trustees removed for neglect of duty and breach of faith in returning to a corporation, which had purchased the said inventions, the certificates of its stock which it had agreed to give in payment therefor.

*Held,* that the action could not be maintained without making all the parties to the agreement parties to the action.

That although the defect of parties appeared upon the face of the complaint, the right to object was not, in this case, waived by the failure of the defendants to raise the objection by demurrer.

That the fact that the complaint alleged that the action was brought by the plaintiff not only in his own behalf, but also in behalf of his co-beneficiaries in the trust, did not cure the omission.

Where an action in the Supreme Court has been tried in the first judicial district, an application for an extra allowance of costs must be made in that district, although the justice before whom the action was tried resides in another district.

APPEAL from a judgment recovered on a trial at the Special Term, and from an order making an additional allowance of costs.

*Ashbel Green, C. B. Alexander* and *Thomas Thacher*, for the appellants.

*F. W. Whitridge* and *William A. Boyd*, for the respondent.

Daniels, J. :

The action was brought to remove Daniel H. Craig and Thomas Wallace from their positions as trustees for Thomas M. Foot, Charles A. Randall, the plaintiff, and the Telegraph Construction Company, and the appointment of successors for them and to obtain from the defendant, the American Rapid Telegraph Company, certain shares of its stock, which it was agreed should be delivered by it, as the consideration of patented rights and interests indirectly transferred to it by the trustees for the benefit of themselves and the other parties named as beneficiaries.   The trust had been created by two agreements, by the first of which the five persons named in it transferred all their rights and interests in certain telegraphic inventions or improvements, claimed to have been invented by them respectively, to Daniel H. Craig and Horatio G. Angle as trustees.   The object of the transfer was to enable the trustees to dispose of the inventions on the best terms they could, and to avoid conflicting or contesting claims or interests between the parties.   And whatever should be obtained as the consideration of the transfer of the inventions was to be divided between the parties to the agreement proportionately to the value of the respective inventions or improvements affected by it.   And that proportion, in case of dispute, was to be settled and ascertained by means of an arbitration.   Three of the persons executing the agreement afterwards applied to the trustees to purchase and consolidate with their own interests the American Compound Telegraph Wire, then owned by the Telegraph Construction Company, and to associate with themselves another person to act as trustee.   They made that purchase and associated the defendant Thomas Wallace with themselves as the additional trustee, and in case of a disposition of this with the other interests, its proportionate value was to be ascertained substantially in the same manner.   After the association was perfected in this manner the inventions and improvements claimed and owned by it were transferred under the authority of the trustees to the defendant, the Rapid Telegraph Company, in considera-

tion of which that company agreed to make and deliver 20,000 shares of its capital stock. And a certificate for the shares was accordingly made out, but not delivered, and was afterwards relinquished by the trustees to the company. And it was to avoid that result that the plaintiff, as one of the beneficiaries, brought this action to remove two of the trustees, and to secure the transfer and delivery of the 20,000 shares of stock. The court, upon evidence tending to establish the truth of the allegations contained in the complaint, directed judgment removing two of the trustees from their office and providing for further proceedings under which the agreement made by the telegraph company should be performed and carried into effect. Various objections were made at the close of the proof against the plaintiff's right to maintain the action, and in support of an application for the dismissal of the complaint. Among these was the objection that the action could not be maintained by the plaintiff as one of the associates, without making the others, either as plaintiffs or defendants, parties to the suit. This objection was not presented in any. form by the pleadings, and was considered by the court, under the provisions of the Code, to have been waived by means of that omission. But this result will not follow if the action is one where a complete determination of the controversy cannot be had without the presence of the other parties, for there it has been made the mandatory duty of the court to cause to be brought in such omitted parties. (Code Civil Pro., § 452.) It has also been urged that the other beneficiaries under the agreements were included in the action, and for that purpose it has been claimed that Edwin Read had, prior to the commencement of the suit, acquired by assignment the interests of Theodore M. Foot and Charles A. Randall, and that he was made a party to the action. But the fact that he had acquired that interest was not otherwise made to appear than by an affidavit, in which the statement was made to obtain an order making Read a party to the action. And on his application such an order was made directing that " he is hereby permitted to come in and defend, and to make such answer to the complaint herein as he may be advised, within five days after service of a copy of this order upon Hamilton & Lyon, his attorneys." He did not, however, come into the action in that or any other manner, and neither made nor served an answer to the com-

plaint. Neither was any process served upon him on behalf of the plaintiff bringing him into the action as a party either plaintiff or defendant. If he had acquired by assignment the interest of Foot and Randall, as long as he did not become a party to the action that interest was not legally represented in the suit. If he did not acquire that interest then it still remained in Foot and Randall, and they were neither of them parties to the action. Neither was the Telegraph Construction Company in any form whatever brought into or made a party to the suit. There were, therefore, at least this company and Read, if he was the assignee, as he stated he was, of Foot and Randall, who were interested in the result of the action as beneficiaries and were neither of them made parties to the suit.

A prominent object of the action was the removal of the trustees, or at least of two of their number, because of what was alleged to have been their fraudulent misconduct in releasing and discharging the telegraph company from its obligation to make compensation for the rights and interests of the associates transferred to it. And it resulted in a judgment removing Craig and Wallace, the two active trustees who were charged as the responsible agents of this misconduct, the other trustee being made a defendant in the action, but not appearing to have been an active participant in the fraudulent misconduct which was charged as the foundation of the suit. These persons were not the trustees of the plaintiff alone, but they were the trustees equally of all the associates. And as the rule was settled before the adoption of the present system of practice, in an action brought for the removal of trustees, all the beneficiaries, as a general proposition, were required to be made parties to the action, for in no other manner could the removal be made effectual and binding upon the interests of all the persons concerned in maintaining the trust. Upon this subject it has been said that " where the suits are between the trustees and the *cestuis que trust* in relation to the property, the general rule is, that all the trustees and all the *cestuis que trust* must be before the court either as plaintiffs or defendants." (2 Perry on Trusts, § 875.) The reason of this rule is, that the court may be placed in the condition in which it can do complete justice as far as that may be possible, by taking the accounts and adjusting the liabilities of the defendants

between themselves, and in that manner avoiding additional litigation. The trustees, it has been said, " ought not to be twice vexed where it is possible to determine all the rights of the parties in one suit. But a bill by a part of the *cestuis que trust* ought not to be dismissed, but it should stand for amendment and for summoning in of other parties." (Id., 881.) And this rule is very well supported by the authorities. (*Hamm* v. *Stevens*, 1 Vern., 110, where, however, the non-joinder was alleged in the answer; *Roberts* v. *Tunstall*, 4 Hare, 257, 261; *Piatt* v. *Oliver*, 2 McLean, 267, 307; *Phillipson* v. *Gatty*, 6 Hare, 26; *Sherman* v. *Burnham*, 6 Barb., 404, 414.)

And this principle has been embodied in the Code of Civil Procedure, which requires the parties who are united in interest to be joined as plaintiffs, except where the consent of any one who ought to be so joined cannot be obtained, and there he is required to be made a defendant, with a statement of the reason for placing him in that relation to the action. (Code, § 448.) The fact that these other persons were interested as beneficiaries in the action was made to appear by the allegations contained in the complaint, and it might undoubtedly have been demurred to because of the omission to join them as parties. And in ordinary cases the omission to demur, where the right to do that appears by the complaint, or to answer the non-joinder where it does not so appear, will be a waiver of the objection. But that is not the case where a complete determination of the action cannot be made without the presence of other parties, and this was an action of that description. For the trustees, who were equally such for all the beneficiaries, could not be removed from their offices at the suit of the plaintiff without making the other beneficiaries in some form parties to the action. They might elect to continue the trustees in their offices, notwithstanding their alleged misconduct, or they might present very satisfactory reasons why they should not be removed. Their interests might require their continuance in their offices; and upon these, as well as any other pertinent considerations which might be suggested, they were entitled to an opportunity to be heard before the persons who were appointed by them, and acting as their trustees, should be removed from their offices. Without this hearing the judgment directed their removal,

but, as the other beneficiaries were not parties to the action, it could not be made effectual or operative as to them. Their interests remained entirely unaffected by it, and the trustees necessarily continued in the trust so far as the interests of these persons were included, notwithstanding the general direction of the judgment, for as to such parties it was necessarily ineffectual.

It has been urged, as the plaintiff alleged in the complaint, that he brought the action not only in his own behalf, but also in behalf of his co-beneficiaries in the trust, that the omission to make them parties was in this manner rectified. But that by no means followed from this allegation made in the complaint, for it is only where the parties are so numerous as to render it inconvenient or impracticable to make them parties to the action that one or more of the parties may prosecute it on behalf of themselves and others, having a common interest with them. That was the rule of practice preceding the adoption of the Code, and it has been continued by a similar provision contained in section 448 of the Code. But in continuing it, it has been limited to cases where the controversy is one of a common or general interest of many persons, or where the persons who might be made parties are very numerous and it may be impracticable to bring them all before the court. And it was so considered in *Trustees* v. *Greenough* (105 U. S., 527, 532, 533.) But in this action the controversy was not one of a common interest to many persons, neither were the persons so numerous that it was impracticable to bring them all before the court. For if all those who were interested in the trust under the agreements as they were made were brought into the action, it would require but three additional parties. They would be Theodore M. Foot, Charles A. Randall and the Telegraph Construction Company; while if Foot and Randall had assigned their interests to Read, then there were but two beneficiaries remaining who were not parties to the suit, namely, Read and the Construction Company. And in neither view would the omitted parties, therefore, be so numerous as to permit their omission as such in the action under this provision of the law. The case is distinguishable from that of *Hitchcock* v. *Linsly* (17 Hun, 556), for there the right upon which the action proceeded was separate and distinct, belonging solely to the plaintiff in the suit, and to that class of cases the rule which has

been mentioned has no application. But in this case the interests of the parties as beneficiaries in the trust were joint, and could only be severed by means of the arbitration provided for when the time arrived for the division and distribution of the proceeds of the patented inventions. No such arbitration has ever taken place, and all the beneficiaries, therefore, still continued to be jointly interested in whatever might be derived as the equivalent or consideration of the disposition and sale of their patented inventions. And they should have all been joined as parties to the action in order to secure a complete and effectual disposition of that part of it designed to accomplish the removal of the trustees, or the two of them, by whose misconduct the rights of the associates had been imperiled, and the appointment of others in their place and the transfer to them of the stock alleged to be unlawfully and improperly withheld by the telegraph company. The omission to join them either as plaintiffs or defendants was fundamental, for without their presence a complete determination of the controversy could not be made, and in that state of the case the law is mandatory that the court must direct them to be brought in. As the case now stands this defect of parties cannot be corrected or obviated, but the judgment should be reversed and a new trial ordered. with costs to abide the event, but before another trial can properly take place measures should be instituted to make these other persons parties to the action.

The appeal from the order making an allowance of $2,000 as additional costs need not be specially considered, for that order will necessarily be superseded by the reversal of the judgment. It is clear, however, that in making it, as the motion for the allowance was at a court held in the city of Rochester, while the place of trial in this action was the city and county of New York, the case of *Hun* v. *Salter* (92 N. Y., 651) was overlooked. An order may be made formally reversing this order, but without costs to either party.

BRADY, P. J., concurred.

Present — BRADY, P. J., and DANIELS, J.

Order reversed, without costs.