(37 Misc. Rep. 745.)

CRANDALL & GODLEY CO. v. EDDY CONFECTIONERY CO.

(Supreme Court, Special Term, New York County. April, 1902.)

1. PLEADING—ANSWER—EXTENSION OF TIME.
   Under Code Civ. Proc. § 772, rule 24, a county judge has power to extend ex parte the defendant's time to answer in an action brought in another department, where the attorney resides in the same county in which the application is made.

2. SAME.
   Where a county judge in the Third judicial department extends the time to answer an action triable in the First judicial department for less than 20 days, he may thereafter, ex parte, further extend said time.

Action by the Crandall & Godley Company against the Eddy Confectionery Company. Defendant, residing in a county other than its attorney, obtained an extension of time to answer from the county judge of the county in which he resided, and also thereafter a second extension of time on notice to the plaintiff's attorney. Motion by plaintiff for an order to show cause why the second extension should not be set aside for want of jurisdiction of the judge to grant an order on notice in an action triable in the First department. Motion denied.

Henry W. Sykes, for the motion.
Warren McConihe, opposed.

SCOTT, J. The county judge of Rensselaer county had power to extend, ex parte, the defendant's time to answer; the first extension having been for less than 20 days. Section 772, Code Civ. Proc., rule 24. The mere fact that the defendant's attorney unnecessarily gave notice to plaintiff's attorney that he proposed to apply for such an order at a particular time, and before a particular county judge, did not limit the power of the judge. If the application had been one required to be made to the court, and upon notice, a different rule would prevail. Hun v. Salter, 92 N. Y. 651. Even if the order of the county judge was unauthorized, the motion to vacate it should not prevail, because the notice of motion does not comply with the requirements of rule 37, and also because it appears that the answer has been served since the motion was argued, and has been retained by the plaintiff's attorney. The question suggested by the motion has therefore become merely academic. Motion denied, with costs; the answer already served being allowed to stand as the answer in the action.

Motion denied, with costs.