# State Bank of Pittsburg v. Kirk, Appellant.

*Banks and banking—Corporation—Receivers—Directors—Promissory note.*
Where the directors of a bank, the capital of which is impaired, make their promissory notes to the bank under an understanding with the president and cashier that the notes are to be carried by the bank in order not to show overdue paper, and that the notes are to be paid out of the profits arising from the business, such directors cannot set up want of consideration to defeat an action instituted by a receiver, subsequently appointed, to collect the notes.

The receiver represents the corporation, but he also represents its creditors, and it is his duty to secure all of the assets available for their payment.

Argued Oct. 22, 1906. Appeal, No. 6, Oct. T., 1906, by defendant, from order of C. P. No. 3, Allegheny Co., Feb. T., 1905, No, 432, making absolute rule for judgment for want of a sufficient affidavit of defense in case of State Bank of Pitts-

burg, in the hands of John F. Steel, Receiver, v. Thomas T. Kirk. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Assumpsit on promissory notes.

Rule for judgment for want of a sufficient affidavit of defense.

One of the several notes in suit was in the following form:

" $3,000.                        PITTSBURG, PA., April 7, 1903.

" Nine months after date I promise to pay to the order of Thos. T. Kirk, at the State Bank of Pittsburg, Three Thousand 00–100 dollars.

" Without defalcation for value received.

" No. 11,976.   Due Jan. 7, '04.             J. C. KNAPP.

" Indorsed : Thos T. Kirk, William Herb, Addison Boren, T. J. Williams, J. S. Espy, D. E. Horigan."

An affidavit of defense was filed setting up that no consideration was given for the notes, and that they were given in accordance with a memorandum in writing which was as follows :

" PITTSBURG, PA., April 7, 1903.

" This is to certify that the State Bank of Pittsburg at this date hold the following notes :  ·

" March 14, four months to order of D. E. Horigan, signed J. S. Espy, $2,000.

" April 7, three months to order of Thos. T. Kirk, signed J. C. Knapp, $3,120.

" April 7, six months to order of      do.      , signed J. C. Knapp, $3,000.

" April 7, nine months to order of      do.      , signed J. C. Knapp, $3,000.

" These notes are indorsed by all directors of said State Bank of Pittsburg.   The undersigned, president and cashier, hereby testify that the above named notes are made up and carried by said bank in order to prevent having any past due paper, and it is further understood that said bank is to pay these notes out of the profits which at the present time are not sufficient without cutting down the surplus fund.

" These notes are to take the place of the following bad loans which have occurred up to the present time :

| | |
|---|---|
| " R. L. Adams | $7,425 |
| " Speer C. Nelson | 1,695 |
| " C. A. Weldon | 2,000 |
| " Total | $11,120 |

" J. S. Espy, President.

" Witness : T. J. Williams.

" (Seal of bank.)

" Louis Klein, Cashier."

The court entered rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*J. S. Ferguson*, with him *E. G. Ferguson, John Rebman, Jr.,* and *John D. Brown*, for appellants.—The receivers, for the purpose of closing its concerns, have no right superior to those which the bank would have had if the management of its affairs would have continued with its directors, and the liability of third parties is not changed by their appointment : Lincoln v. Fitch, 42 Me. 456 ; Zane on Banks & Banking, sec. 329, page 584 ; Yeager v. Wallace, 44 Pa. 294 ; Singerly v. Fox, 75 Pa. 112.

Some New York cases may be cited by the appellee to the contrary of this proposition, but it must be remembered that the rights of a receiver in the state of New York are defined by statute. There he is more than a custodian. He is a statutory assignee : Yeager v. Wallace, 44 Pa. 294.

*C. W. Reamer*, with him *D. M. Miller*, for appellee.—In practically similar cases the courts of the state of New York have held that the directors could not avail themselves of the defense set up by the appellants in this case : Sickles, Receiver, v. Herold, 11 Miscellaneous Reports, 583 (32 N. Y. Supp. 1083) ; Hurd v. Kelly, 78 N. Y. 588 ; Allen v. First Nat. Bank, 127 Pa. 51 ; Hayes v. Kenyon, 7 R. I. 136 ; Coddington v. Canaday, 157 Pa. 243 (61 N. E. Repr. 567).

OPINION BY MR. JUSTICE ELKIN, January 7, 1907:

This is an action by the receiver of the State Bank of Pittsburg against the appellant, who was indorser on certain promissory notes, executed and indorsed under the following circumstances. Appellant was a member of the board of directors of the bank whose capital was impaired by bad loans. It was deemed advisable to charge off these bad loans and substitute, in lieu of the amount so charged off, notes executed and indorsed by the individual members of the board, in an amount sufficient to make good the impairment of capital. The arrangement was carried out and the notes upon which this suit is based were accordingly executed and indorsed. At the time of the substitution of the notes in question, the president and cashier made a certificate under the corporate seal of the bank, setting forth that the notes were made up and carried by the bank in order not to show overdue paper, with the understanding that the notes were to be paid out of the profits arising from its business, not then sufficient to do so without cutting down the surplus fund. These notes were renewed from time to time in accordance with the original understanding, and were held by the bank at the time of its failure, when a receiver was appointed. It is now contended that as between the indorsers and the bank, there was no consideration given for the notes, and that there can be no recovery by the receiver because he has no rights superior to those which the bank would have had if its management had continued under its board of directors. In other words, that the receiver stands in the place of the bank, and if the bank could not recover, he cannot. This is an erroneous view of the law. A receiver, it is true, represents the corporation, but he also represents its creditors, and it is his duty to secure all of the assets available for their payment: Cushing v. Perot, 175 Pa. 66. This court has not heretofore been called on to pass upon the exact question now raised, but similar questions have frequently been before the courts of New York, and the rule laid down in that state is so consonant with good conscience, wise public policy, and natural justice, that we feel impelled to adopt and follow it. In the New York cases it was held that where the directors of a bank in order to take up certain bad loans held by the bank, which impaired its

capital, had executed their own notes to the bank in like amount, pursuant to an agreement with the cashier, that the notes should not be enforceable until the deficiency upon the rejected securities should be ascertained, they could not set up want of consideration to defeat an action instituted by the receiver, subsequently appointed, to collect the notes. The same rule was held to apply when a number of trustees of a bank had executed a bond for the purpose of exhibiting it to the banking department as an asset when examined, in order to enable the bank to pass a satisfactory examination and continue its business; also, where the defendant, a trustee of the bank, had executed a mortgage to make good a deficiency in the assets of the bank. In all of these cases, and many more of a similar character, it was decided that the makers of the notes were estopped from setting up want of consideration: Hurd v. Kelley, 78 N. Y. 588; Best v. Thiel, 79 N. Y. 15; Hun v. Salter, 92 N. Y. 651; Rector v. Teed, 120 N. Y. 583; Sickles v. Herold, 149 N. Y. 332. The force of these decisions is recognized by the learned counsel for appellant, but, it is argued, that the powers of a receiver are greater in that state, their duties essentially different, being in the nature of a statutory assignee, and hence the rule of those cases should not apply here. The answer to this position is, as herein before stated, that in our state the receiver represents, not only the corporation as a legal entity, but also the depositors and creditors of the bank, and that it is his duty to secure all of the available assets for their payment. The creditors and depositors cannot be affected by the secret agreement entered into between the president and cashier of a bank and the board of directors, and it cannot be set up to defeat a recovery in an action by the receiver on the notes.

Judgment affirmed.