Ferndale Area School District, Appellant, *v.* Terry Ann Shawley, Darnice Lee Shawley, John Timothy Shawley, By Their Parents and Natural Guardians, John C. Shawley, Jr. and Joan Agnes Shawley, and Conemaugh Valley School District, Appellees.

Argued November 9, 1973, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Thomas A. Young,* for appellant.

*Blair V. Pawlowski,* with him *Dino S. Persio,* for appellees, Shawley.

*D. Gerald Long,* with him *Vasil Fisanick,* for appellee, Conemaugh Valley School District.

OPINION BY JUDGE ROGERS, December 14, 1973:

John C. Shawley, Jr. and Joan Agnes, his wife, commenced this equity suit against the Conemaugh Valley and Ferndale Area School Districts, Cambria County, in August 1971. Their complaint alleged that their daughters Terry Ann and Darnice Lee, respectively a senior and a sophomore of Conemaugh Valley High School and their son Timothy, a third grade student of the Conemaugh Valley Elementary School, had been denied enrollment by the Conemaugh Valley District for school year 1971-1972 on the ground that they were residents of the Ferndale District. The plaintiffs further averred that they and their children resided at the same place since 1958, that their children had always attended the Conemaugh schools, and that they were uncertain whether their residence is in the Ferndale or Conemaugh districts because the county assessment office had in the past variously recorded their property as being located in a municipality which is included in the Ferndale District and as being in a township included within the Conemaugh District. They sought an order requiring the Conemaugh District to enroll and to continue to accept their children until a final determination of the district of their residence and that if it should be determined that their residence is in

Ferndale, that that district pay any tuition due Cone-maugh.

The hearing below consisted entirely of colloquy among counsel for the Shawleys, those of the defendant school districts, and the trial judge. During the course of the proceedings references were made to stipulations but no written or clear oral stipulations were entered into. However, the three parties agreed that the Shawleys' property had been assessed successively as being within the Ferndale District (from about 1958 to 1969), the Conemaugh District (during 1969 and 1970) and back to the Ferndale District (commencing 1971). *The school districts agreed that the Shawley residence was actually in the Ferndale District.*[1] The Shawleys' counsel simply reiterated the averment of the complaint that his clients did not know what was the district of their residence but wanted their children to continue at Cone-maugh. *The plaintiffs made no effort to prove where their residence was located.* The plaintiffs asked the court to order their children's admission to Conemaugh; Ferndale expressed its willingness to educate the children which it agreed were residents of the Ferndale District; and Conemaugh was willing to continue educating the children despite their residence in Ferndale, if one of the other parties paid it tuition.

The court's order made September 7, 1971 "decreed that Terry Ann Shawley, Darnice Lee Shawley and John Timothy Shawley be enrolled in and accepted by Conemaugh Valley School District" with the direction that "[t]he Ferndale Area School District . . . pay to Conemaugh . . . a fair, reasonable and customary tui-

---

[1] "By Mr. Fisanick [Conemaugh solicitor]: [A]s far as our school district is concerned, apparently Ferndale agrees they belong to their district. Am I correct, Mr. Young? By Mr. Young [Ferndale solicitor]: Absolutely. By Mr. Fisanick: So since they have resolved that big problem for us, they belong to their district under the law. . . ."

tion fee for each of the children." The order further provided that if it should be determined that the Shawleys "actually reside" in Conemaugh then Conemaugh should refund any tuition Ferndale had paid. Exceptions to this order were filed by Ferndale and overruled on July 17, 1972. In October 1972 Ferndale appealed to the Supreme Court of Pennsylvania. In March 1973 the cause was transferred to this court, where it was argued in November 1973. The result of the order and the delay in getting the matter to appellate review has had the happy practical effect from the Shawleys standpoint of permitting Terry Ann[2] to complete her education at Conemaugh and Darnice Lee to proceed to her final year of high school there. It is our duty nonetheless to review the proceedings and to judge the court's order, not solely on whether it represented a fair, practical and humane exercise of the court's discretion, but more fundamentally whether it comported with the law. We have concluded that it did not.

Under the law children must attend school at the district of their parents' residence. Public School Code of 1949, Act of March 10, 1949, P. L. 30, §§1301, 1302, 24 P.S. §§13-1301, 13-1302. A district other than that of the parents' residence may permit non-resident pupils to attend the public schools in its district upon such terms as it may determine. Public School Code of 1949, §1316, 24 P.S. §13-1316. Here both school districts agreed that the Shawleys resided in a district other than the one their children had been attending. The district which the school authorities agreed was that of the Shawleys' residence would enroll the children, as was its duty. The district where the children had attended declined to enroll them without provision for tuition, as was its right. It was the Shawleys' burden in these circumstances to prove that they resided in

---

[2] Conemaugh was willing in September 1971 to enroll Terry Ann so that she might complete her last year of high school there.

the district which they desired the court to order their enrollment. They did not carry this burden by showing only that the county assessment authorities had previously recorded their residence in that district or by showing that during a still earlier period their children had been permitted to attend school in that district although the assessment records placed their residence elsewhere.[3] The court on this record therefore lacked power to require a district other than the one in which the Shawleys resided and which acknowledged its duty to provide education, to enroll these children. It lacked power to require a district in which the children resided to pay tuition to another district.

It is to be hoped that defendant districts can arrange that Darnice Ann Shawley can complete her senior year at Conemaugh.

Order reversed; the record is remanded to the court below for the ascertainment of such amount of tuition, less state reimbursement on account thereof, paid by Ferndale Area School District to Conemaugh Valley Area School District and the payment thereof by Conemaugh[4] to Ferndale.

---

[3] The ambivalence of the assessment office is not without explanation, if the colloquy upon which the case was tried is carefully examined. The attendance of the children at Conemaugh from 1958 to 1969 while the property was recorded in Ferndale could have been a simple inadvertence or a recognition that, because of the poor condition of the road abutting the Shawley property, the children should attend Conemaugh. The change in 1969 recording the property as being in Conemaugh may have been to give that district which was educating the children the benefit of their taxes. After the change in 1969, Mrs. Shawley demanded that the township located in the Conemaugh district repair the road. The supervisors of that township then insisted that the assessment records be again changed to record the Shawley property to be in the Ferndale district, where both school districts conceded it should always have been.

[4] The Conemaugh district did not appeal the order below.