Helen M. Witt, Receiver of Pioneer Finance Company et al., Plaintiff *v.* Commonwealth of Pennsylvania, Department of Banking, Carl K. Dellmuth et al., Defendants.

*Michael L. Snyder,* with him *Paul H. Titus, Frances O. Tennant* and *Kaufman & Harris,* for petitioner.

*John L. Sweezy,* Assistant Attorney General, with him *John E. Nanorta,* Assistant Attorney General, *Bonnie J. McRobbie,* Assistant Attorney General, *Robert P. Kane,* Attorney General, *Robert P. Reed* and *Metzger, Wickersham, Knauss & Erb,* for respondents.

MEMORANDUM OPINION BY PRESIDENT JUDGE BOWMAN, January 3, 1980:

By order dated October 12, 1979, the Supreme Court of Pennsylvania vacated our Order of June 12, 1978, entered in the above proceedings and remanded the record to us for consideration in light of *Mayle v. Pennsylvania Department of Highways,* 479 Pa. 384, 388 A.2d 709 (1978); *DuBree v. Commonwealth,* 481 Pa. 540, 393 A.2d 293 (1978) and the Act of September 28, 1978, P.L. 788 (Act 152), *amending or adding* 1 Pa. C.S. §2310 and 42 Pa. C.S. §§761, 762, 931, 5101, 5110, 5111, 5522.

By opinion supporting our Order of June 12, 1978, we had concluded that sovereign immunity protected

the Department of Banking for the cause of action asserted against it; that absolute immunity barred the cause of action asserted against defendants, Dellmuth and Patterson; and that as the status of the remaining defendants as officers of the Commonwealth—upon which our jurisdiction depended—could not be ascertained, depositions were to be taken to thereafter determine their status as officers of the Commonwealth for jurisdictional purposes.

In response to the remaining defendants' motion to clarify our Opinion and Order of June 12, 1978, we issued a further Order on June 29, 1978, as follows:

Now, June 29, 1978, having considered defendants' motion for clarification of our prior opinion and Order of June 12, 1978, in the above case, it is ordered as follows:

1. The Court, although raising sua sponte, the issue of the power and authority of the plaintiff to assert the cause of action complained of, declines to pass upon said issue as it pertains to defendants Department of Banking, Carl K. Dellmuth and G. Allen Patterson, as the cause of action was dismissed as to said defendants upon other grounds. As to the remaining defendants, the Court preserves this issue in the event it concludes, after further proceedings, that said remaining defendants, upon the cause of action asserted, are within the jurisdiction of this Court as 'officers' of the Commonwealth.

2. The issue of whether the remaining defendants were properly served to afford in personam jurisdiction over them is likewise preserved and will be decided by this Court if it concludes said defendants are 'officers' of the Commonwealth for purposes of the jurisdiction of this Court.

Pursuant to the remand order of the Supreme Court we have reconsidered our prior Opinion and Order of June 12, 1978. Although this cause of action accrued prior to the effective date of Act 152 it is not within the exceptions relating to limited waiver of sovereign immunity, *see* 42 Pa. C.S.§5110(a). Therefore, the application of Act 152 as to defendant Department of Banking is controlled by our decision in *Brungard v. Hartman*, 46 Pa. Commonwealth Ct. 10, 405 A.2d 1089 (1979) and sovereign immunity constitutes a defense to this cause of action.

As to defendants Dellmuth and Patterson, upon reconsideration of the defense of absolute immunity in light of *DuBree, supra,* our decision in *Estate of Armstrong v. Pennsylvania Board of Probation and Parole*, 46 Pa. Commonwealth Ct. 33, 405 A.2d 1099 (1979) controls. In *Armstrong* we held that despite the enactment of Act 152, which appears to retain the common law principle of absolute immunity, the Act incorporates by implication any changing principles of the common law. As *DuBree* sets forth new guidelines, those guidelines are to be applied.

Among other tests laid down in *DuBree* is one negating responsibility on the theory of vicarious responsibility. ''Consistent with the interest in unimpaired decisionmaking, we believe it appropriate to protect from the possibility of suit a public servant who has not himself engaged in actionable conduct. Thus, those in the 'chain of command' should not be subject to suit on any theory of vicarious responsibility.'' *DuBree* at 545, 393 A.2d at 295.

An examination of the well pleaded factual averments of plaintiff's complaint reveals that each of the individual defendants is being sued in his official capacity ''for acts done within the scope of employment.'' As applied to defendants Dellmuth and Patterson, other than setting forth certain statutory

duties placed upon a Secretary of Banking, there is no averment that either of them in their official capacity or by their personal action or nonaction committed any wrongful act. Paragraphs 16, 18 and 24 are directed against the Department of Banking acting through these defendants and others. Similarly, paragraphs 19 and 20 are directed against the Department and other individually named defendants, not including these individuals.

A possible exception is paragraph 23 of the complaint which alleges that neither the Department nor any of the individually named defendants "took any action to curtail the sale of securities by Pioneer and Bellevue or to prevent the conduct of business on Pioneer's premises by unrelated business entities."

Conspicuously absent is any averment that these individual defendants had a duty to or in fact did approve the sale of securities. The want of any such averment and its implications are particularly significant in this case. In another proceedings in this Court (No. 757 C.D. 1974) the Pennsylvania Securities Commission sought receivership of these financial institutions which we so ordered and plaintiff here was named receiver by this Court upon the petition of the Commission. As the record in that proceedings discloses, Pioneer was charged with selling "thrift notes" over a period of years dating back to 1955 contrary to The Pennsylvania Securities Act, Act of June 24, 1939, P.L. 748 *as amended* 70 P.S. §31 *et seq.* and the more recently enacted Pennsylvania Securities Act of 1972, Act of December 5, 1972, P.L. 1280, 70 P.S. §1-101 *et seq.;* that it did so in concert with its affiliated companies and which actions, combined with others, produced insolvency of these affiliated companies. Manifestly by so acting the Commission asserted power and authority over the affairs of these companies bottomed upon the unlawful sale

of thrift notes contrary to the very statutes which the Commission is charged to enforce. Now the receiver we appointed in the petition of the Commission to marshall the assets and liabilities of these companies for the benefit of creditors would shift to these individual defendants, or at least have them share, a duty to have curtailed the sale of these thrift notes. In essence, the asserted duty to have curtailed the sale of thrift notes involved the question of their exempt or non-exempt status as they were from time to time issued over the years, a duty imposed upon the Commission as contrasted with a general duty under other statutes imposed upon the Department of Banking over the affairs of financial institutions. Such a vague and generalized assertion of a duty in defendants Dellmuth and Patterson affords no foundation to which a recognized standard of care can possibly be applied even upon proof of the failure to act by one or both of these individuals in the duty of the Department or as Secretary of Banking to generally supervise the affairs of these companies.

For these reasons we are of the opinion that defendants Dellmuth and Patterson have properly asserted the defense of absolute or official immunity from the cause of action as asserted against them.

As noted in our Order of June 29, 1978, we had reserved passing upon a number of other issues raised by preliminary objections and the issue we had raised sua sponte of the authority of the receiver to initiate this action without our prior approval.

To give finality to this litigation before us we deem it appropriate to now decide this latter issue. We must again revert to the receivership proceedings to No. 757 C.D. 1974 in this Court. Section 26 of The Pennsylvania Securities Act, 70 P.S. §56, specifically provides that a receiver appointed by the Court under this statute "shall have the rights, powers and duties

of a general receiver." The more recent Pennsylvania Securities Act of 1972, while providing for the appointment of a receiver, does not specifically address his rights or powers. Considering the provisions of the earlier statute addressing insolvency and receivership we believe that the legislature intended the powers and duties of a receiver to be those of a common-law receiver and under the latter statute his rights and powers should be similarly recognized.

In *Cochran v. Shetler,* 286 Pa. 226, 229, 133 A. 232, 233 (1936) our Supreme Court said:

'A receiver represents not only the corporation but all its creditors, and, as to the latter, it is his duty to secure all the assets available for their payment. For this purpose he succeeds to their rights, and has all the powers to enforce such rights that the creditors before his appointment had in their own behalf, even though such powers be beyond those which he has as the representative of the corporation alone. As each creditor may sue, the right is equal in all, and common to all, and hence the receiver, who represents all alike, is the proper party to assert the common right and pursue the common remedy for the common benefit' (Cushing v. Perot, 175 Pa. 66, 76; State Bank of Pittsburgh v. Kirk, 216 Pa. 452), provided he institutes the appropriate action within the time limited by law. . . .

Our Order of Court of August 27, 1974, appointing plaintiff here as receiver upon the petition of the Commission provides, inter alia, that "[T]he receiver shall have the right and duty . . . to elect to sue or not to sue in the appropriate court any party failing to deliver promptly to the Receiver any Receivership asset held by that party."

We do not conceive the common-law right and power of a receiver to sue to recover an asset of a company in liquidation nor, indeed, the right and power we conferred upon plaintiff here as a receiver to sue for failure to deliver to the receiver a receivership asset, to be so broad and unlimited as to empower her to initiate this action. Furthermore as the record in the receivership proceedings discloses the receiver has repeatedly sought prior court approval with respect to compromising claims and to initiate actions not specifically directed to recovering recognized assets of the insolvent companies. Yet here she asserts a right and power to initiate this action not directed to recovering an asset but rather to enforce an asserted trespass claim sounding in part in negligence and in part in intentional tort. Such a claim is not an asset of the insolvent company nor an asset of its creditors by any recognized definition of that word, and her prior acts in seeking court approval in a number of instances belies any broader meaning to be ascribed to her rights and powers as conferred upon her by our appointing Order.

Equally persuasive to the conclusion that the receiver is without power to initiate this cause of action without prior court approval is the unique posture of two Commonwealth agencies necessarily being involved with respect to the affairs of these companies and the issuance of thrift notes. Under the security statutes above referred to the Pennsylvania Securities Commission has duties with respect to the issuance of securities, exempt or not exempt. Also, under said statutes a receiver may be but need not be appointed incident to liquidation proceedings initiated by the Commission. But for the petition of the Commission seeking an appointment of a receiver in these proceedings the Commission itself would be

responsible for marshalling the assets and discharging, to the extent possible, the liabilities of the insolvent companies. In such a posture it is difficult to believe that it would or could, at least without the approval of the Attorney General, have initiated this lawsuit. It is equally realistic to recognize the possibility that the Commission could be joined as a third party defendant in this litigation. We can perceive no benefit to creditors of the insolvent company emanating from such complex litigation posing so many novel questions with a limited possibility of monetary recovery. To the contrary we perceive it to be counterproductive to their interests absent a further proceedings before this Court in 757 C.D. 1974 which would produce a persuasive conclusion to the contrary.

ORDER

Now, January 3, 1980, it is hereby ordered that:

1. Plaintiff's cause of action as asserted against the Department of Banking is dismissed.

2. Plaintiff's cause of action as asserted against defendants Dellmuth and Patterson is dismissed.

3. Plaintiff's complaint is dismissed as to all other defendants without prejudice to seek leave of court by proceedings to No. 757 C.D. 1974 to maintain a cause of action as to the remaining defendants.

---

CONCURRING AND DISSENTING OPINION BY JUDGE CRUMLISH, JR.:

I concur in this opinion, except insofar as it conflicts with my views on sovereign immunity as set forth in my Concurring and Dissenting Opinion in *Brungard v. Hartman,* 46 Pa. Commonwealth Ct. 10, 405 A.2d 1089 (1979).

CONCURRING AND DISSENTING OPINION BY JUDGE DiSALLE:

For the reasons set forth in my concurring and dissenting opinions in *Brungard v. Hartman*, 46 Pa. Commonwealth Ct. 10, 405 A.2d 1089 (1979), and *Estate of Armstrong v. Pennsylvania Board of Probation and Parole*, 46 Pa. Commonwealth Ct. 33, 405 A.2d 1099 (1979), I dissent. I concur in the opinion in all other respects.