Edgar D. Nelson, Trading and Doing Business as Nelson House, Appellant *v.* Tuscarora Intermediate Unit No. 11, Appellee.

Argued February 5, 1981, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Bayard M. Graf, Kohn, Savett, Marion & Graf*, for appellant.

*John R. Miller, Jr., Miller, Kistler & Campbell, Inc.*, for appellee.

OPINION BY JUDGE CRAIG, March 16, 1981:

Appellant Nelson House appeals from a verdict and judgment entered by the Huntingdon County Court of Common Pleas which permitted the appellee Tuscarora Intermediate Unit No. 11 (Tuscarora) to recover $1,687.09 from Nelson House for educational services Tuscarora provided Lawrence Terwilliger (Larry) during the 1973-74 school year.

The facts of this case are not in dispute. During the period relevant to this case, Larry was a mentally retarded minor whose parents resided in New Jersey. In June 1972, Larry's parents and Nelson House, an institution located in Huntingdon County and licensed by the Pennsylvania Department of Public Welfare to provide residential care for mentally retarded children, entered into a private placement arrangement and transferred Larry to Nelson House from the Lochland School, Inc., in Geneva, New York.

Nelson House does not provide educational services. However, for the 1973-74 school year, Tuscarora, pursuant to Section 1306 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §13-1306, enrolled Larry in its program for trainable mentally retarded children. In July 1975, Tuscarora brought this suit in assumpsit against Nelson House to recover the tuition for educating Larry during the 1973-74 school year. Tuscarora premised its tuition charge for educating Larry on the fact that his parents were not residents of the school district.

Nelson House first contends that liability cannot be based upon state law, initially claiming that Larry's placement in Nelson House caused him to be a resident within the area serviced by Tuscarora and entitled him to participate in Tuscarora's education program free of tuition.

Section 1302 of the Code, 24 P.S. §13-1302, precludes us from adopting Nelson House's view as to Larry's residence. Section 1302 provides that a child is considered a resident of the school district in which his parents or guardian reside. Here Larry's parents at all times resided in New Jersey. Moreover, we believe that the word "guardian" as used in Section 1302 contemplates legal guardian, and the record is devoid of any evidence suggesting that Nelson House was anything other than Larry's temporary custodian. Thus, Larry was not a resident within the service area of Tuscarora's education program.

Consequently, Nelson House received Larry from out-of-state and, as the institution entrusted with his care and custody, was responsible for paying his tuition. That responsibility is expressly set forth in Section 1308 of the Code, 24 P.S. §13-1308, which reads in pertinent part as follows:

> If any inmates have been received from outside of Pennsylvania, or if the institution cannot certify as to their residence, their tuition shall be paid by the institution having the custody of said children. . . .

Nelson House further contends that Tuscarora, a state agency which receives federal funds, violated Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794, by charging a tuition to educate Larry. That section provides:

> No otherwise qualified handicapped individual in the United States . . . shall, solely by reason

of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

Assuming that Section 504 applies to a person with Larry's handicaps, the fact remains that Larry was not excluded from the program; he received educational benefits without discrimination. As Judge TERRIZZI well stated in the opinion below:

First it must be conceded that Larry was afforded an education of the same type and quality as he would have been afforded if he were a resident of Huntingdon County living with his parents or a resident in a residential treatment facility placed there by his parents who were residents of another County in Pennsylvania.

We agree with the interpretation by the United States Department of Health, Education and Welfare, at 45 C.F.R. 84.33(c)(1), that there is nothing in Section 504 which relieves a third party, such as Nelson House, from valid obligations to pay for services provided a handicapped child.

Tuscarora charged tuition for Larry's education not because Larry was handicapped, but because he was from outside the district. There is no inherent discrimination by Pennsylvania in seeking tuition payment for non-residents of the state educated in Pennsylvania because tuition is also charged for Pennsylvania residents who attend school outside of their district. *See* Section 1316 of the Code, 24 P.S. §13-1316. *See also Ferndale Area School District v. Shawley,* 11 Pa. Commonwealth Ct. 185, 313 A.2d 366 (1973). Thus the class of those charged tuition uniformly embraces all who reside outside the district, so that residents of other states suffer no special disadvantage.

Accordingly, the decision of the court below is affirmed.

518

### ORDER

AND Now, March 16, 1981, the December 20, 1979 order of the Huntingdon County Court of Common Pleas and judgment thereon is hereby affirmed.