532 A.2d 894

Barbara Hall *v.* Acme Markets, Inc., True Transport, Inc., Stanley Hipple and William Miles. Acme Markets, Inc. and William Miles, Appellants.

A. Earl Parker *v.* Acme Markets, Inc., True Transport, Inc., Stanley Hipple and William Miles. Acme Markets, Inc. and William Miles, Appellants.

Argued December 8, 1986, before Judges DOYLE and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Roland J. Atkins,* with him, *John J. O'Brien, Jr., O'Brien and O'Brien Associates,* for appellants.

*Gary Stewart Seflin,* Deputy Attorney General, with him, *John G. Knorr, III,* Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for appellees.

OPINION BY JUDGE PALLADINO, October 9, 1987:

Acme Markets, Inc. and William Miles (Appellants) appeal an order of the Court of Common Pleas of Philadelphia granting the motion of the Commonwealth of Pennsylvania and Thomas Larson, Secretary of Transportation, for summary judgment and dismissing the claims against them.

This matter arose as the result of a collision on February 19, 1981 at the intersection of state highway Routes 10 and 30 in Sadsbury Township. The intersection was controlled by a traffic signal but it did not provide turn signals, and there were no left-hand turn lanes. Robert J. Hall and A. Earl Parker were in an automobile traveling west on Route 30. William Miles was driving a trailer truck, for Acme Markets, Inc., west on Route 30. Stanley Hipple was driving a trailer truck east on Route 30 for True Transport, Inc.

Miles was making a left hand turn from the left lane of Route 30 onto Route 10 while the Hipple and the

Hall/Parker vehicles, both traveling on Route 30, were approaching the intersection from opposite directions. To avoid hitting the Miles' truck, Hipple swerved into the west bound lanes of Route 30 and struck the Hall/ Parker vehicle head on. Hall was killed.

On May 12, 1982, Barbara Hall, administratrix of Hall's estate, filed a trespass action against Acme Markets, True Transport, Hipple and Miles. On September 28, 1982, Parker filed a trespass action against these same parties. Acme Markets, on November 4, 1982, joined, among others, the Commonwealth and Thomas Larson, Secretary of Transportation, as additional defendants in both suits. These suits were consolidated for trial.

The Commonwealth and Thomas Larson, in their answer and new matter filed May 11, 1983, pleaded the affirmative defense of sovereign immunity. On November 19, 1985, Thomas Larson and the Commonwealth filed a motion for summary judgment, contending that the claims against Larson were barred by official immunity and those against the Commonwealth by sovereign immunity. The trial court granted the motion on February 21, 1986 and dismissed, with prejudice, the complaint against Larson and the Commonwealth.

Appellants in their appeal to this court contend that the trial court erred in granting the motion because (1) issues of material fact remain to be resolved and (2) the law regarding sovereign and official immunity was misapplied. Alternatively, Appellants contend they should have been allowed to amend their designation of the additional defendant from the Commonwealth to the Department of Transportation.

A motion for summary judgment may properly be granted when the moving party has established that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Peters Township*

*School Authority v. United States Fidelity and Guaranty Company,* 78 Pa. Commonwealth Ct. 365, 467 A.2d 904 (1983). Our scope of review is limited to determining if the trial court committed an error of law or a manifest abuse of discretion. *Miller v. Emelson,* 103 Pa. Commonwealth Ct. 437, 520 A.2d 913 (1987).

## ISSUES OF FACT

Appellants' initial contention is that genuine issues of fact remain, in particular, the issue of whether a "dangerous condition" existed at the time of the accident. In support of this argument, Appellants cite *Wyke v. Ward,* 81 Pa. Commonwealth Ct. 392, 474 A.2d 375, 379 (1984), in which this court held that "whether a condition is dangerous is for a jury alone." While it is true that this is an issue which must be determined by the factfinder, it does not enter into the determination of whether a claim against a party is barred by immunity. The question of whether a "dangerous condition" exists arises only after it has been determined that suit is allowed under the exceptions to sovereign immunity found in 42 Pa. C. S. §8522(b). The determination of whether a suit is barred by official or sovereign immunity is solely a matter of law.

## OFFICIAL IMMUNITY

42 Pa. C. S. §8524(1) states, in pertinent part, that "[a]n official of a Commonwealth agency . . . or the Commonwealth may assert on his behalf, defenses which have heretofore been available to such officials." The Pennsylvania Supreme Court in *DuBree v. Commonwealth,* 481 Pa. 540, 393 A.2d 293 (1978), held that officials are protected by a qualified immunity. This plurality opinion set out a number of considerations, to be applied on a case by case basis, to determine wheth-

er immunity would bar suit against an official. This court summarized these considerations in *Pine v. Synkonis*, 79 Pa. Commonwealth Ct. 479, 482-83, 470 A.2d 1074, 1076 (1984), as follows:

1. Can the official be held to a predictable standard of care, which can be defined and applied with relative ease.

2. Do the official's decisions or actions have a significant impact on the public or impact on a large portion of the public. The greater the impact of such decision making, the greater the need to isolate the official from the threat of liability.

3. Did the official himself engage in actionable conduct. Officials will not be held liable for the acts of those under them simply because they are in the chain of command.

4. But for a defendant's status as an official, would an action in negligence lie. Plaintiff must establish a duty, breach of that duty, causation and injury.

5. Would any public policy be promoted in shielding the official from liability.

6. Has the plaintiff failed to pursue other available remedies.

Appellants assert that the "uncontroverted facts in the present case indicate that each of the six separate criteria are clearly met." The trial court held that since Larson had not engaged in actionable conduct, if there was negligence it could not be attributed to him just because it was committed by someone in his chain of command. The third consideration of *Pine*, a mandatory requirement,[1] was not met.

---

[1] The Pennsylvania Supreme Court in *DuBree* specifically held:

Consistent with the [public's] interest in unimpaired decision making, we believe it appropriate to protect from the

Appellants assert that the actionable conduct was Larson's failure to perform his statutory duty. The statutory sections they cite to support this duty are 75 Pa. C. S. §6102(a), which charges the Department of Transportation (DOT) with the duty of administering the Vehicle Code; 75 Pa. C. S. §6122, which states DOT may erect traffic control devices and instructs DOT to set up rules and regulations to determine when approval should be given to allow local authorities to do so; and 71 P.S. §1375,[2] which authorizes the Secretary "to empower" other employees of DOT "to perform such official acts" as he may designate. In their complaint, Appellants make only the following allegation concerning Thomas Larson's conduct: "18. Additional Defendant, Thomas Larson willfully, wantonly, and recklessly maintained the said intersection and highway in the vicinity of the alleged collision in a dangerous and hazardous condition."

This allegation falls far short of alleging *direct* responsibility for maintaining the intersection in a safe condition. The statutory sections cited serve only to place the ultimate responsibility for the maintenance of state highways on the Secretary. A claim that Larson failed to fulfill them is insufficient to constitute actionable conduct. *See Witt v. Department of Banking,* 48 Pa. Commonwealth Ct. 264, 409 A.2d 932 (1980), *aff'd by an equally divided court,* 493 Pa. 77, 425 A.2d 374 (1981).[3] Appellants are alleging negligence on Lar-

---

possibility of suit a public servant who has not himself engaged in actionable conduct. Thus, those in the 'chain of command' should not be subject to suit on any theory of vicarious responsibility.

*Id.* at 545, 393 A.2d at 295.

[2] Section 1 of the Act of May 18, 1923, P.L. 259.

[3] In *Witt,* this court held that consecutive Secretaries of Banking were protected from suit by the immunity established in

son's part solely because of his position in the chain of command, and therefore, suit against him is barred by official immunity.

## COMMONWEALTH

The Commonwealth of Pennsylvania enjoys sovereign immunity except as specifically waived by the General Assembly. 1 Pa. C. S. §2310. When waived "a claim against the Commonwealth . . . shall be brought only in such a manner . . . as directed by the provisions of Title 42 (relating to judiciary and judicial procedure). . . ." *Id.* In pertinent part, 42 Pa. C. S. §8522(a) states:

> The General Assembly, pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, does hereby waive, in the instances set forth in subsection (b) only and *only to the extent set forth in this chapter* . . . sovereign immunity as a bar to an action against *Commonwealth parties,* for damages arising out of a negligent act. . . . (Emphasis added.)

Commonwealth party is defined in 42 Pa. C. S. §8501 as "[a] Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment."

Appellants brought suit against the Commonwealth of Pennsylvania; they did not name as a party any agency of the Commonwealth. Appellants contend that the distinction between an action against the Commonwealth and one against a Commonwealth agency is im-

---

*DuBree.* The court found the averments in the complaint did no more than set forth the general statutory duties of the Department of Banking and the Secretary of Banking and that there were no allegations that the defendants "in their official capacity or by their personal action or nonaction committed any wrongful act." *Witt,* 48 Pa. Commonwealth Ct. at 267, 409 A.2d at 934.

material. We disagree. The plain, unambiguous words of §8522(a) provide for suit to be brought against Commonwealth parties, and therefore, may not be disregarded. 1 Pa. C. S. §1921(b). Accordingly, the Commonwealth's motion for summary judgment was properly granted.

## AMENDMENT

Appellants contend that the trial court committed reversible error by failing to give them an opportunity to amend their complaint to substitute the Department of Transportation for the Commonwealth of Pennsylvania. Pa. R.C.P. No. 1033 states in pertinent part: "**Amendment**—A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of the action, correct the name of a party or amend his pleading. . . ."

Appellants made no motion to amend their complaint to correct the name of the party sued. This is not fatal to their argument because a court may, on its own motion, permit amendment of a complaint. *Sullivan v. Allegheny Ford Truck Sales*, 283 Pa. Superior Ct. 351, 423 A.2d 1292 (1980). The determination to be made when considering whether to allow a party to correct the name of a party is " 'whether the right person was sued but under a wrong designation, or whether a wrong person was sued and the amendment was designed to substitute another and distinct party.' " *Paulish v. Bakaitis*, 442 Pa. 434, 440, 275 A.2d 318, 321 (1971). Therefore, we must determine whether the Department of Transportation and the Commonwealth are distinct parties.

Appellants contend that the fact that the legislature has provided that any liability which results from a suit against a Commonwealth party will be imposed on the Commonwealth, *see* 42 Pa. C. S. §8522(b), indicates

that the Department of Transportation is not distinct from the Commonwealth. While this is a factor to be considered, we do not consider it conclusive. Consideration in each case must also be given to whether the entity sought to be substituted will be prejudiced. *Sullivan.* Here, the Department of Transportation has clearly been involved with all aspects of this litigation since the suit was initially filed. Therefore, the naming of the Commonwealth as the adverse party rather than the Department of Transportation was merely a technical defect which may be remedied by amendment. *See Wicker v. Esposito,* 500 Pa. 458, 457 A.2d 1260 (1983).

In light of the foregoing analysis, the grant of summary judgment as to Larson and the Commonwealth is affirmed. This matter is remanded to the trial court to permit Appellants to amend their complaint to name the Department of Transportation.

## ORDER

AND NOW, October 9, 1987, the order of the Court of Common Pleas of Philadelphia County in the above-captioned cases granting summary judgment as to Thomas Larson and the Commonwealth of Pennsylvania is affirmed. The matter is remanded to the trial court to permit Appellants to amend their complaint to name the Department of Transportation.

Jurisdiction relinquished.