# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Constance O'Neal, :
                Appellant :
                 :
          v. : No. 179 C.D. 2016
                 : No. 249 C.D. 2016
Bedford County and Cathy Fetter, : Argued: December 15, 2016
acting in her official capacity as :
The Bedford County Prothonotary/ :
Clerk of Courts :

BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE DAN PELLEGRINI, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**              **FILED: January 20, 2017**

Before this Court are cross-appeals from an order of the Court of Common Pleas of Bedford County (trial court), dated January 6, 2016, which granted the preliminary objections of Bedford County and Cathy Fetter, acting in her official capacity as the Bedford County Prothonotary and Clerk of Courts (Fetter), and dismissed with prejudice the complaint filed against them by Constance O'Neal (O'Neal). For the reasons set forth below, we affirm in part and reverse in part.

For purposes of this appeal, the following facts are not in dispute. In early 2005, O'Neal was charged with multiple felonies: theft by unlawful taking or disposition, receiving stolen property, and intimidation of witnesses or victims. O'Neal entered into a plea deal in April 2005, which included the nolle prosse of

the felony counts. O'Neal pled guilty to reduced charges of two misdemeanors—misdemeanor theft and harassment.

Despite the plea agreement forgoing the felony counts, the Bedford County Clerk of Courts entered the disposition of the case as a guilty plea of theft by unlawful taking and receiving stolen property, both graded as felonies. In reliance on the entry by the Clerk of Courts, the Pennsylvania State Police Central Repository recorded the conviction to include a second-degree felony.

In 2014, O'Neal contacted the Bedford County District Attorney's Office to notify the office of the mistake. In response, the District Attorney's Office wrote a letter to Fetter, identifying the mistake and requesting that the Clerk of Courts remedy the mistake. Fetter, in turn, wrote a letter to the State Police Central Repository, instructing the Repository to enter the convictions as reflected in the plea agreement.

On July 16, 2015, O'Neal filed a complaint against Bedford County and Fetter, asserting a statutory claim under the Criminal History Record Information Act (CHRIA).[1] (Reproduced Record (R.R.) at 6a-15a.) O'Neal's complaint alleged that as a result of the inaccurate recording of her criminal history, she sustained both economic and academic losses. Specifically, the complaint alleged that the University of Pittsburgh-Johnstown rescinded O'Neal's acceptance and St. Francis University revoked her scholarship award due to the inaccuracy in her criminal record. O'Neal alleged that she was unable to gain admittance to Mount Aloysius College as a result of the felony convictions on her criminal record. O'Neal also alleged that prospective employers Alleghenies

---

[1] 18 Pa. C.S. §§ 9101-9183.

2

Unlimited Care Providers and Choices People Supporting People rejected her employment application due to the inaccurate recording. O'Neal alleged the following specific economic losses: (1) $147,900 in lost financial compensation for the delayed entry into the nursing field; and (2) $78,240 in lost scholarship at St. Francis University. Fetter and Bedford County filed preliminary objections in response to the complaint, arguing that O'Neal failed to set forth a cause of action under CHRIA. Fetter and Bedford County argued that the inaccuracy in O'Neal's criminal record was an innocent mistake, which does not constitute a violation under CHRIA. The preliminary objections also argued that Bedford County, as a general executive office, could not be sued under CHRIA, which only applies to a "criminal justice agency."

In response, O'Neal argued that she did set forth a valid cause of action under CHRIA, which imposes a duty to collect and maintain accurate criminal record information. O'Neal contended that Bedford County was a viable defendant because the county is a "repository" as defined under CHRIA. O'Neal also argued that Fetter, individually and acting as the Prothonotary and Clerk of Courts, had a duty as a "criminal justice agency" under CHRIA to collect and maintain accurate information.[2] O'Neal also argued that Bedford County has a duty under CHRIA because the county employs workers in the offices of Prothonotary and Clerk of Courts. O'Neal similarly argued that Bedford County is liable for the actions that Fetter took on behalf of the courts of Bedford County.

---

[2] We note that while O'Neal's response to the preliminary objections argued that Fetter was liable "individually *and* acting as Bedford County Prothonotary/Clerk of Courts," (R.R. at 200a (emphasis added)), the complaint only named Fetter in her official capacity—not individually.

3

On January 6, 2016, the trial court granted the preliminary objections and dismissed O'Neal's complaint against Fetter and Bedford County with prejudice. In explaining its ruling, the trial court concluded that CHRIA does permit suits against governmental units and that O'Neal had a valid cause of action against Bedford County to the extent that the Clerk of Courts' Office is a part of the county government. The trial court also determined that Fetter was not liable in her official capacity as the Prothonotary and Clerk of Courts, but may be liable as an employee of that office. Finally, the trial court concluded that O'Neal was precluded from any recovery because she was contributorily negligent. The trial court reasoned that O'Neal had a statutory right to access to her criminal history and to have her criminal history corrected. According to the trial court, O'Neal could have prevented any loss with reasonable diligence.

On appeal,[3] O'Neal argues that the trial court erred by raising contributory negligence, *sua sponte*, as a bar to her claims. Contributory negligence, O'Neal contends, is not a proper basis for demurrer. O'Neal argues that as an affirmative defense, Fetter and Bedford County have the burden to prove contributory negligence before a jury at trial.[4]

---

[3] "Our review of a trial court's grant of preliminary objections based on issues of law is plenary." *Ballroom, LLC v. Cmwlth.*, 984 A.2d 582, 586 n.3 (Pa. Cmwlth. 2009).

[4] We note that O'Neal, by counsel, has failed to adhere to Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure, which provides:

> The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, *followed by such discussion and citation of authorities* as are deemed pertinent.

Pa. R.A.P. 2119(a) (emphasis added). This Court has held that "[m]ere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of [a] matter." **(Footnote continued on next page…)**

In response, Fetter and Bedford County argue that the trial court properly dismissed the case with prejudice because O'Neal was in fact contributorily negligent. They argue that O'Neal did not appeal the dismissal of Fetter acting in her official capacity as the Prothonotary and Clerk of Courts. Fetter and the County contend that O'Neal waived any argument regarding the dismissal of Fetter. They also cross-appeal[5] and argue that the trial court erred in holding that O'Neal has a valid cause of action against Bedford County under CHRIA. Fetter and Bedford County argue that the County had no duty under CHRIA, which only imposes a duty on criminal justice agencies. Finally, they argue that the trial court erred in its holding that the incorrect recording of information constitutes negligence per se under CHRIA.

CHRIA imposes a duty to record and maintain accurate criminal history information. Section 9111 of CHRIA, 18 Pa. C.S. § 9111, provides:

> It shall be the duty of every criminal justice agency within the Commonwealth to maintain complete and accurate criminal history record information and to report such information at such times and in such manner as required by the provisions of this chapter or other applicable statutes.

Section 9102 of CHRIA, 18 Pa. C.S. § 9102, defines "criminal justice agency" as:

---

**(continued…)**

*Commonwealth v. Spontarelli*, 791 A.2d 1254, 1259 n.11 (Pa. Cmwlth. 2002). O'Neal's brief fails to comply with Rule 2119(a), because at multiple points the legal argument and the description of applicable legal rules lack a citation to legal authority, including page numbers. We encourage counsel to review the basic brief writing requirements under the Pennsylvania Rules of Appellate Procedure.

[5] On March 1, 2016, this Court consolidated the appeal by O'Neal and the cross-appeal by Fetter and Bedford County.

Any court, including the minor judiciary, with criminal jurisdiction or any other governmental agency, or subunit thereof, created by statute or by the State or Federal constitutions, specifically authorized to perform as its principal function the administration of criminal justice, and which allocates a substantial portion of its annual budget to such function. Criminal justice agencies include, but are not limited to: organized State and municipal police departments, local detention facilities, county, regional and State correctional facilities, probation agencies, district or prosecuting attorneys, parole boards, pardon boards, the facilities and administrative offices of the Department of Public Welfare that provide care, guidance and control to adjudicated delinquents, and such agencies or subunits thereof, as are declared by the Attorney General to be criminal justice agencies as determined by a review of applicable statutes and the State and Federal Constitutions or both.

Moreover, if a criminal justice agency breaches its duty, Section 9183(b) of CHRIA, 18 Pa. C.S. § 9183(b), relating to actions for damages, provides a statutory remedy:

> (1) Any person aggrieved by a violation of the provisions of this chapter or of the rules and regulations promulgated under this chapter, shall have the substantive right to bring an action for damages by reason of such violation in a court of competent jurisdiction.
>
> (2) A person found by the court to have been aggrieved by a violation of this chapter or the rules or regulations promulgated under this chapter, shall be entitled to actual and real damages of not less than $100 for each violation and to reasonable costs of litigation and attorney's fees. Exemplary and punitive damages of not less than $1,000 nor more than $10,000 shall be imposed for any violation of this chapter, or the rules or regulations adopted under this chapter, found to be willful.

We begin our discussion with the applicability of the duty under CHRIA to the parties in this case. We must determine if O'Neal has a valid party to sue. Fetter and Bedford County concede in their brief that the Clerk of Courts' Office has a duty under Section 9111 of CHRIA as a criminal justice agency. (Bedford Cnty and Fetter Br. at 14.) O'Neal named only Bedford County and Fetter, however, and the statute of limitations has run. We must assess, therefore, whether it is appropriate to allow O'Neal to amend the caption and body of the complaint to include the Clerk of Courts' Office.

At argument before this panel, O'Neal, by counsel, asked this Court to permit her to amend the complaint. Though O'Neal made no motion to amend the caption to correct the name of the party sued, this is not fatal to her argument because a court may, on its own initiative, permit or require amendment of a complaint. *Kelly v. Pennsylvania Bd. of Prob. & Parole*, 686 A.2d 883, 884 n.3 (Pa. Cmwlth. 1996). The determination to be made when considering whether to allow a party to correct the name of a party is whether the right person was sued but under a wrong designation, or whether a wrong person was sued and the amendment was designed to substitute another and distinct party. *Tork-Hiis v. Cmwlth.*, 735 A.2d 1256, 1258 (Pa. 1999). This Court's decision in *Hall v. Acme Markets, Inc.*, 532 A.2d 894 (Pa. Cmwlth. 1987), is instructive.

In *Hall*, after the plaintiff of an automobile accident sued several private party defendants, those private parties joined the Commonwealth of Pennsylvania and the Secretary of Transportation as additional defendants. *Hall*, 532 A.2d at 895. On appeal, this Court permitted the plaintiff to add the words "Department of Transportation" to both the caption and the body of the complaint. *Id.* We held that the failure to specify "Department of Transportation" as a

7

defendant was a technical defect that could be corrected by amendment, even after the statute of limitations had run. *Id.* at 897. We explained that "the Department of Transportation has clearly been involved with all aspects of this litigation since the suit was initially filed," because the private defendants named the Secretary before the statute had run. *Id.*

Similarly here, the Clerk of Courts' Office has been involved with all aspects of this litigation since the suit was initially filed. O'Neal named both Bedford County and Fetter in their relation to the alleged breach of CHRIA when the Clerk of Courts' Office incorrectly recorded O'Neal's criminal charges. Moreover, as in *Hall*, O'Neal did so before the statute of limitations expired. The naming of Bedford County as the adverse party rather than the Bedford County Clerk of Courts' Office was merely a technical defect which may be remedied by amendment. We, therefore, instruct the trial court on remand to permit O'Neal to amend the caption and body of the complaint to specify the Clerk of Courts' Office as a defendant.

Next, we address the ultimate dismissal of the case below based on what the trial court concluded was contributory negligence by O'Neal. On appeal, O'Neal argues that the trial court erred by raising contributory negligence, *sua sponte*, as a bar to her claims. We agree. Pennsylvania courts have long held that "a lower court is not to act as an advocate for a party." *O'Hare v. Cnty. of Northampton*, 782 A.2d 7, 15 (Pa. Cmwlth. 2001). Moreover, a court may not dismiss a case at the preliminary objection stage based on a defense not raised by a party. *MacGregor v. Mediq Inc.*, 576 A.2d 1123, 1128 (Pa. Super. 1990). The

8

trial court's analysis and dismissal based on contributory negligence amounted to impermissible advocacy on behalf of Bedford County and Fetter.[6]

We agree with Bedford County in its cross-appeal that it cannot be held generally liable under CHRIA because the county government as a whole is not a criminal justice agency. Because we interpret the trial court's opinion to hold that Bedford County is only liable to the extent that the Clerk of Courts' Office is an office within the county government,[7] however, we affirm that portion of the trial court's opinion. Accordingly, we affirm and remand with instruction for the trial court to permit O'Neal to amend her complaint to clarify that the properly-named party in this matter is the Bedford County Prothonotary and Clerk of Courts' Office. We reverse the order of the trial court in its dismissal of the case based on contributory negligence.

_____
P. KEVIN BROBSON, Judge


Judge Cosgrove did not participate in the decision of this case.

---

[6] We additionally note that at argument before this panel, counsel for Bedford County and Fetter conceded that the trial court erred in raising contributory negligence.

[7] Pa. Const. art. IX, § 4.

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Constance O'Neal,                          :
                        Appellant          :
                                           :
            v.                             :   No. 179 C.D. 2016
                                           :   No. 249 C.D. 2016
Bedford County and Cathy Fetter,           :
acting in her official capacity as         :
The Bedford County Prothonotary/           :
Clerk of Courts                            :


# **O R D E R**


AND NOW, this 20th day of January, 2017, the order of the Court of Common Pleas of Bedford County is AFFIRMED IN PART and REVERSED IN PART, and the matter REMANDED for further proceedings consistent with this opinion.

Jurisdiction relinquished.


_____
P. KEVIN BROBSON, Judge