## Sanders *v.* Lawn Mutual Insurance Company, Appellant.

Argued December 14, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*James M. Marsh*, with him *LaBrum and Doak*, for appellant.

*Joseph D. Shein*, with him *Shein and Berlant*, for appellees.

OPINION BY ERVIN, J., March 22, 1961:

This was an action in assumpsit commenced by the plaintiffs, Debbie Sanders, a minor, by her parents and natural guardians, Willie L. Sanders and Mary Sanders, and Willie L. Sanders and Mary Sanders, in their own right, against the defendant, Lawn Mutual Insurance Company. Plaintiffs sought to recover $250.00 for Debbie Sanders, $2,250.00 for Mary Sanders and $1,500.00 for Willie L. Sanders, from the defendant, alleging in their complaint that the defendant had agreed to pay those sums in settlement of plaintiff's claims against Marshall Christian, who was insured by the defendant. Defendant's answer admitted that defendant's agent, John Devine, had agreed to settle plaintiffs' claims for $4,000.00 on the basis of representations made to Devine by Joseph D. Shein, counsel for plaintiffs, and in addition defendant pleaded New

Matter setting forth that defendant made the settlement in reliance upon a police report furnished to defendant by Shein and Shein's representation that the facts as set forth in the police report were the facts of the accident. Defendant further alleged that the said police report was later found to be in error in that it was not the insured, Christian, but the driver of the plaintiffs' car, Willie L. Sanders, who had violated the stop sign and who had struck the insured, Christian, who was traveling on a through street.

Defendant further alleged that upon learning of the true facts, it advised Shein that the insurer would not carry out the settlement agreement because it was based on either (1) a mutual mistake of fact or (2) on a misrepresentation of a material fact. Plaintiffs filed amended preliminary objections. The court below sustained the amended preliminary objections and entered judgment for the plaintiffs.

During the entire argument of this case we were under the impression that the police report, furnished by Shein to Devine, showed that the defendant's insured, Christian, was on a stop street and had violated a stop sign and that plaintiffs' car was on a through highway. The appellant in its brief states as a fact "That diagram, as well as the section of the report headed 'Traffic Control,' indicated that traffic on Arch Street was subject to a stop sign which the insured violated and then struck plaintiffs who were traveling on a through street (Fifty-eighth Street)."

We have examined the police report very carefully and it is clear that it correctly showed the facts. The report designates Christian's car as vehicle No. 1 and Sanders' car as vehicle No. 2.

It is true that under the block designated as "Traffic Control" it does have "1" inserted before the words "Stop Sign." This does not mean that car 1 (Christian's) had a stop sign against it. "1" was used by

the officer, instead of a check mark, to indicate that the intersection had a stop sign. The "Traffic Control" block has the following language immediately under the words "Traffic Control": "(Check one or more)." A reference to the other blocks in the entire report clearly reveals that the officer, instead of checking as instructed to do, used numbers to check the item he wished to indicate.

The diagram clearly indicates that the stop signs were for traffic on Fifty-eighth Street and that Arch Street was a through highway. The diagram also shows No. 1 car (Christian's) going east on Arch Street and No. 2 car (Sanders') going north on Fifty-eighth Street. The diagram shows the streets, stop signs and cars in proper relation to each other.

If Devine, who was claims manager for the defendant insurance company, had correctly read the police report he would have seen that it correctly revealed all of the facts.

It is true that a contract made under a mutual mistake as to an essential fact which formed the inducement to it, may be rescinded on the discovery of the mistake if the parties can be placed in their former position with reference to the subject matter of it: *Vrabel v. Scholler,* 369 Pa. 235, 85 A. 2d 858. There was no mutual mistake in this case because it is quite clear that Shein had made an investigation of the facts and knew what the true facts were. Appellant also argues that "if Shein (unlike Devine) *did* know that the police report was incorrect and that plaintiffs violated the stop sign, and, nevertheless, represented the contrary to Devine, the settlement agreement was obviously induced by a misrepresentation as to a material fact. . . ." An answer to this argument is that the police report correctly showed all of the facts and Shein made no misrepresentation as to that report. The large diagram was entirely correct and there cer-

tainly was no misrepresentation as to what it plainly showed. It showed that the stop sign was for traffic on Fifty-eighth Street and that plaintiffs' car was on that street. It also showed that defendant's car was on Arch Street, a through highway. If the defendant's claim manager, who presumably was a person trained in reading police reports of accidents, chose to close his eyes and not look at the report or misread it, the defendant should not be permitted to place the blame for this shortcoming upon the plaintiffs: *Mahaffey v. Ferguson,* 156 Pa. 156, 169, 27 A. 21. We do not believe that Shein misrepresented anything to Devine. He handed him a police report which was a true copy of the original and which spoke for itself and which was entirely correct.

It was said in *Rohrbach v. Travelers Indemnity Co.,* 278 Pa. 74, 78, 122 A. 217: "Where the contracting parties stand on common ground and have equal means of knowledge, an exaggerated statement by one, in a matter of opinion, will not entitle the other to relief . . . and that is especially true in the adjustment of a loss: Wagner v. Insurance Co., 143 Pa. 338." We believe that this statement of the law is completely applicable to the instant case. The parties stood on common ground and had equal means of knowledge. There was not a single fact known to the plaintiffs which was not equally accessible to the defendant.

It should also be pointed out that Debbie Sanders and Mary Sanders were passengers in the Sanders' car, driven by Willie L. Sanders, and very probably could not have been convicted of contributory negligence. The amounts agreed to be paid to them were $250.00 and $2,250.00, respectively, of the total sum of $4,000.00 agreed to be paid.

The law favors the amicable settlement of controversies and it is the duty of the courts to encourage rather than to discourage parties from resorting to

compromise as a mode of adjusting conflicting claims: *Schlosser v. Weiler*, 377 Pa. 582, 105 A. 2d 331.

Judgments affirmed.