City of Philadelphia *v.* Gordon MacDonald,
Appellant.

City of Philadelphia *v.* Lawrence Rock,
Appellant.

Argued October 8, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR. and WILKINSON, JR., sitting as a panel of three.

*Kenneth E. Aaron,* with him *Astor & Weiss,* for appellants.

*Augustus L. Pasquarella,* with him *Stewart M. Weintraub,* Assistant City Solicitor, *Albert J. Persichetti,* Deputy City Solicitor, *Stephen Arinson,* Chief Deputy City Solicitor, and *Sheldon L. Albert,* City Solicitor, for appellee.

OPINION BY JUDGE WILKINSON, March 2, 1977:

Defendants appeal from the granting of the City of Philadelphia's (plaintiff's) motions for judgment on the pleadings in civil actions to collect the Philadelphia Wage Tax. PHILADELPHIA, PA., CODE §19-1500 et seq. (1973). Because the issues on appeal are identical the cases have been consolidated. We affirm.

Plaintiff's complaints allege that each defendant was employed in Philadelphia, failed to file a wage

tax return for the years 1970-1973, and owed the City unpaid taxes.[1] Each complaint further alleges that on information received from the defendant's employer an assessment was made and that the defendant was notified of the assessment and failed to appeal to the Philadelphia Tax Review Board. In their answers, each defendant denies knowledge of how the assessment was made and attempts to deny all other allegations by invoking the Fifth Amendment privilege against self-incrimination. In new matter the defendants contend that the Philadelphia Wage Tax is unconstitutional as applied to themselves and that the City's claim is barred by the statute of limitations. Plaintiff filed motions for judgment on the pleadings which were granted by the court below.

On appeal, the defendants raise the following issues: (1) Whether in a civil action the defendants' answers invoking the Fifth Amendment right to remain silent may be deemed admissions under Pa. R.C.P. No. 1029; (2) if so, whether defendants should be allowed to amend their answers; (3) whether certain allegations in plaintiff's complaints are actually conclusions of law to which no answer is necessary; (4) if not, whether the doctrine of estoppel for failure to exhaust administrative remedies precludes defendants from raising defenses based on the statute of limitations and on the constitutionality of the Philadelphia Wage Tax; (5) if not estopped, whether the Philadelphia Wage Tax is constitutionally applied to the defendants, and whether the actions are barred by the statute of limitations.

---

[1] Defendant MacDonald worked at the Philadelphia International Airport; his back taxes amount to $2,771.00. Defendant Rock worked at the Philadelphia Naval Shipyard; his back taxes amount to $1,084.63.

This case is similar to our recent decision in *City of Philadelphia v. Kenny et al.*, 28 Pa. Commonwealth Ct. 531, 369 A.2d 1343 (1977), and is controlled by it. Judge KRAMER's opinion specifically rejected issues 1, 4 and 5 so we need not comment on them here. The only issues remaining for our decision concern paragraph 6 of plaintiff's complaints and whether defendants should be granted leave to amend answers.

Paragraph 6 of each complaint reads:

> Based on information supplied by the Federal Agency to the Department of Collections of the City of Philadelphia, assessments were made and the Defendant was duly notified of such assessments from which the Defendant failed to file a petition for Review with the Philadelphia Tax Review Board as permitted under Section 19-1702 of The Philadelphia Code.

Each defendant denied knowledge of *how* the assessment was made, not *whether* an assessment was made. Each defendant then exercised his right against self-incrimination, refusing to answer further.

The defendants contend that only the allegation that an assessment was made is an allegation of fact and that the balance of the paragraph contains conclusions of law to which refusing to answer cannot be deemed an admission. We disagree. To establish that defendants failed to exhaust administrative remedies the City had to allege and, if denied, prove as *facts* that an assessment was made, that the defendants were given notice and that they failed to appeal the assessment. As a fact, either notice was given to the defendants or it was not; either the assessment was appealed or it was not. By their failure to properly deny these factual allegations the defendants have admitted their failure to exhaust administrative remedies.

Finally, defendants contend that if the invocation of of the Fifth Amendment is deemed an admission then they should be granted leave of court to amend their answers to conform with Pa. R.C.P. No. 1029. Defendants never petitioned the court below to allow the amendment of their answers even though it is within the discretion of the *trial* court to grant a party leave of court to amend an answer during the pendency of a motion for judgment on the pleadings, *Pots Manufacturing Co. v. Loffredo,* 235 Pa. Superior Ct. 294, 340 A.2d 468 (1975), and even after judgment, when an award has been made and an appeal taken therefrom. *Sheppard v. First Pennsylvania Banking & Trust Co.,* 199 Pa. Superior Ct. 190, 184 A.2d 309 (1962). Because the issue was not raised below we cannot consider it on appeal. Pa. R.A.P. 302.

Accordingly, we will enter the following

ORDER

Now, March 2, 1977, the orders of the Court of Common Pleas of Philadelphia County, dated October 6, 1975, and December 29, 1975, are hereby affirmed.