423 A.2d 1292

**Robert SULLIVAN, Appellant at No. 695,**

v.

**ALLEGHENY FORD TRUCK SALES, INC., Appellant at No. 743.**

Superior Court of Pennsylvania.

Argued April 15, 1980.

Filed Dec. 29, 1980.

John A. Tumolo, Pittsburgh, for appellant at No. 695 and for appellee at No. 743.

Henry W. Fulton, Jr., Pittsburgh, for appellee at No. 695 and for appellant at No. 743.

Before PRICE, BROSKY and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The Plaintiff instituted this action in the lower court alternatively in trespass and/or assumpsit for fraud and breach of express and implied warranties. The dispute between the parties arose out of a sales transaction wherein the Plaintiff, Robert Sullivan, purchased a used truck from the Defendant, Allegheny Ford Truck Sales, Inc. Trial was held before a judge, without a jury. Following the trial, and at the suggestion of the trial judge, the Plaintiff petitioned for permission to amend his Complaint to include a count alleging a right to a recovery based upon a mutual mistake of fact, so as to conform to the proof presented at trial. The trial judge permitted the amendment, and while rejecting the Plaintiff's claims based upon his originally pleaded cause of action, awarded him damages in the amount of $2,500.00 based upon the mutual mistake theory. Both parties filed exceptions, which were denied by the court *en banc.* Subsequently, each filed a separate appeal to this Court, and these appeals have been consolidated for our review.

At the trial, the lower court was presented with differing testimony by various witnesses as to the material facts concerning the issues in dispute. The lower court's findings of fact were based upon the testimony of those witnesses whom the trial judge found to be credible. Based upon the trial judge's determinations of credibility, we find that the following facts were established: The Plaintiff visited the Defendant's truck sales facility in late September, 1973, in order to purchase a truck for use in the business of hauling steel. Although it was at first determined that the Plaintiff had insufficient credit to obtain the vehicle he desired, he was subsequently contacted by Defendant's employees who advised him that another truck had recently become available, suitable for steel hauling, and for which the Plaintiff could obtain financing for a purchase. The Plaintiff was advised by the employees of Defendant that the used truck in question had recently had an engine overhaul.

After the contact by Defendant's employees, the Plaintiff visited the Defendant's facility and saw the truck. The representation as to the engine overhaul was repeated and the Plaintiff was shown a repair receipt which had been provided to the Defendant by the previous owner of the vehicle, and which indicated that the engine overhaul work had been performed a few months earlier. The Plaintiff's visit to the Defendant's facility was on September 27, 1973. Later that day, an agent of the Defendant picked up a $50.00 deposit check at the Plaintiff's home. In visits to the Defendant's sales facility over the next couple of days, the Plaintiff signed a financing agreement for the vehicle and a purchase order form provided by the Defendant, provided the Defendant with a check for $1,450.00, representing a down-payment, and removed the truck from Defendant's premises.

A few days later the Appellant hauled a load of steel. He thereafter stopped payment on his check and alleged to the Defendant's employees that the truck lacked sufficient power. He attempted to return the vehicle on October 2, 1973. The Defendant's employees refused to accept it. The Plain-

tiff retained the truck and thereafter issued a replacement for the check on which he had stopped payment. The lower court concluded that personal problems and economic factors, rather than the condition of the truck, caused the Plaintiff at that time to reconsider his decision to enter the trucking business. In support of that conclusion, the court noted that at that time, the Plaintiff had complained to Defendant's employees of the disruption in his family life as a result of his purchase of the truck and entry into the steel hauling business. The Plaintiff apparently attempted to resolve his personal problems by hiring a driver to operate the truck. Over the next few months, the Plaintiff made three subsequent visits to the Defendant's facility for repairs. On such occasions, the Plaintiff never made a complaint about the truck allegedly having insufficient power to perform its steel hauling functions.

The Plaintiff failed to make any payments pursuant to the financing agreement after December, 1973. In February, 1974, during a strike in the steel hauling industry, the Plaintiff took the truck to a garage for engine work. The mechanic at that garage advised the Plaintiff that the engine in his truck had never been overhauled. The mechanic did the overhaul, but the Plaintiff never reclaimed the truck, which was eventually repossessed by the entity which had financed the Plaintiff's purchase. The lower court found that Plaintiff's abandonment of the truck was not motivated by any defect in the vehicle, or any lack of sufficient power, but by personal and economic considerations.

The lower court, as noted earlier, ruled against the Plaintiff on the counts alleging fraud and breach of warranty. It did however find that each party was acting under a mutual mistake of fact with regard to the condition of the truck engine at the time of the sale, and gave an award to Plaintiff on that theory, added to Plaintiff's case by an amendment permitted by the court after the trial was concluded. The court awarded the Plaintiff $2,500.00, the amount it found to represent the difference in value be-

tween the retail value of the truck with an overhauled engine and the same truck without an overhauled engine. Both parties have appealed.

Initially, the Plaintiff claims that the trial court erred in dismissing his fraud claim. To sustain allegations of fraud, a Plaintiff must prove by clear, precise and indubitable evidence that the defendant knowingly misrepresented a material fact upon which the plaintiff relied, to his injury. *Gerfin v. Colonial Smelting and Refining Co.*, 374 Pa. 66, 97 A.2d 71 (1953); *Edelstein v. Carole House Apartments, Inc.*, 220 Pa.Super. 298, 286 A.2d 658 (1971). In the instant case, the lower court found credible the testimony that the Defendant's employees took reasonable steps to verify the prior owner's assurance that the truck engine had been overhauled, and did not rely exclusively on the repair bill for the overhaul which had been furnished by the prior owner. Specifically, the lower court found that Defendant's used truck manager took a test drive with a trailer attached, made a visual examination of the engine, conducted a pressure test, and conducted checks of the exhaust and other matters, from which Defendant reached the conclusion that an overhaul had been performed. Such factors strongly negate the Plaintiff's proposition that fraud on the Defendant's part was adequately proven in this case. Thus, we conclude that the lower court did not err in rejecting Plaintiff's fraud count.

Next, Plaintiff contends that the trial court should not have dismissed his claims of a breach of express and implied warranties of merchantability and fitness for a particular purpose since the truck allegedly lacked sufficient power to be used in steel hauling. The lower court found that the Defendant had effectively disclaimed all warranties. Moreover, it concluded that the truck was in fact adequate for its intended use, and that the Plaintiff's abandonment of the truck was based upon factors other than its adequacy of performance. As to the question of disclaimers of the warranties, the record shows that the purchase order signed by the Plaintiff stated on its face that the truck was sold "as

is", and had other express disclaimers of warranties on the reverse side. Plaintiff testified he read and understood the document. The Defendant's no-warranty policy was specifically explained to Plaintiff by one of Defendant's employees.

 Plaintiff argues that the written warranty disclaimers were not effective because the Defendant's employees failed to sign the sales document, which provided for such a signature to be effective. It is established that the assent of both parties to the terms of a written contract creates a valid agreement, even though it may not have been signed by one party. *L. B. Foster Co. v. Tri-W Construction Co.,* 409 Pa. 318, 186 A.2d 18 (1962). A contract need only be signed by the party charged to be binding [*Wagner v. Marcus,* 288 Pa. 579, 136 A. 847 (1927)], as long as both parties accept and act under its terms. *Hostetter v. Giffen,* 268 Pa. 530, 112 A. 150 (1920); *Egyptian Sands Real Estate, Inc. v. Polony,* 222 Pa.Super. 315, 294 A.2d 799 (1972). However, even if we concluded that the writing were ineffective to exclude any warranties, we would find no basis for reversal on warranty grounds as the lower court had ample evidence to support its conclusions that the truck was adequate in its performance in its intended steel hauling role. It was proven that the truck was used for that purpose by the Plaintiff or his hired driver. Thus, we reject the Plaintiff's claims on appeal concerning alleged breaches of warranty by Defendant.

 The Defendant also raises several claims of error. It first argues that the lower court should not have suggested to Plaintiff that his Complaint be amended to include an allegation of mutual mistake and should not have permitted such an amendment after the trial. Pennsylvania Rule of Civil Procedure No. 1033 (42 Pa.C.P.S.A.), specifically authorizes amendments of pleadings by leave of court to conform to the evidence offered at trial. A court may, on its own motion, permit or require amendment of a complaint or other pleading. *Delgrosso v. Gruerio,* 255 Pa.Super. 560, 389 A.2d 119 (1978). Discretion to allow such amendments is limited only to a consideration of whether or not it might

unduly prejudice an adverse party. *West Penn Power Co. v. Bethlehem Steel Corp.*, 236 Pa.Super. 413, 348 A.2d 144 (1975). The Defendant has not argued that it was prejudiced by the allowance of the amendment. There is also no absolute limit on the time when an amendment can be made. It is within the discretion of the trial court to allow an amendment to pleadings even after a judgment and award has been made and an appeal taken therefrom. *City of Philadelphia v. MacDonald*, 29 Pa.Cmwlth. 102, 369 A.2d 1341 (1977), cert. denied, 434 U.S. 923, 98 S.Ct. 401, 54 L.Ed.2d 281. We conclude that the trial court did not err in allowing the Plaintiff to amend his Complaint to allege a mutual mistake of fact.

▮▮▮▮ Neither party to this appeal seriously questions the lower court's conclusion that the evidence supported a finding of a mutual mistake of fact. Both however, challenge the amount of damages awarded. The Plaintiff contends that he should be entitled to rescission or greater damages than the court awarded. We cannot agree. Rescission is to be granted only where the parties to the contract can be placed in their former positions with regard to the subject matter of the contract. *Sanders v. Lawn Mutual Insurance Co.*, 194 Pa.Super. 491, 168 A.2d 758 (1961). In the instant case, where the truck has been repossessed by a third party, it would be impossible to restore each party to the former status. Under the Restatement of Torts, Second, § 552C, which deals with the topic of innocent misrepresentation, it is provided that damages may properly be awarded.[1] We find no abuse of discretion by the trial court in this case in awarding the Plaintiff the money difference in value between the truck with an engine overhaul and the same truck without such an overhaul. The court, in that regard, relied upon testimony as to such values from a witness whose

[1] § 552C, in pertinent part, provides: "(2) Damages recoverable under the rule stated in this section are limited to the difference between the value of what the other has parted with and the value of what he has received in the transaction."

360

testimony was credited. No error is apparent in such circumstances.

Affirmed.