## Watts v. Owens-Corning Fiberglas Corporation

*Donald A. Marshall*, for plaintiffs.
*Krusen, Evans and Burns*, for defendant.

TAKIFF, *J.*, July 8, 1985 — Presently before the court is plaintiff's motion to amend her complaint. For the reasons set forth below, this motion is denied, without prejudice, pursuant to Rule 1701, Pa. R.A.P. which provides that after an appeal is taken of a judicial order, the trial court may no longer proceed further in the matter.

On March 22, 1984, and June 21, 1984, this court filed memoranda opinions granting motions for judgment on the pleadings and summary judgment in favor of defendants Armstrong World Industries Inc. and Pittsburgh Corning Corporation. In these opinions, we concluded that under Lamp v. Heyman, 469 Pa. 465, 366 A.2d 882 (1976), and its progeny, plaintiff's wrongful death and survival actions were barred by the applicable statute of limitations, 42 Pa.C.S. §5524(2) (Purdon's 1981). See Watts v. Armstrong World Industries Inc., no. 8305-3246 (2246A) (C.C.P. March 22, 1984); Watts v. Pittsburgh Corning Corp., no. 8305-3246 (2246A) (C.C.P. Philadelphia June 21, 1984). Plaintiff appealed these orders as well as orders which were

subsequently issued in favor of other defendants who filed motions for summary judgment on the basis of the same facts and legal arguments. According to the docket entries, these appeals are still pending.[1]

On April 23, 1985, plaintiff filed the instant motion to amend her complaint to aver that "wife-plaintiff first became aware of the causal connection between asbestosis and resultant death of plaintiff decedent on or about August 31, 1983." Plaintiff's proposed order. It is well established that the right to amend a complaint should be liberally granted and should not be withheld where there is some reasonable possibility that amendment can be accomplished successfully. Connor v. Allegheny General Hospital, 501 Pa. 306, 461 A.2d 600 (1983); Otto v. American Mut. Ins. Co., 482 Pa. 202, 393 A.2d 450 (1978); Cianchetti v. Kaylen, 241 Pa. Super. 437, 361 A.2d 842 (1976). In light of recent decisions by the Superior Court applying the discovery rule to

---

1. Plaintiff named the following defendants in the caption of her complaint filed on August 17, 1985: Owens-Corning Fiberglas; Armstrong World Industries Inc.; Armstrong Cork Company; Asten-Hill Company; Celotex Corporation; D.A.R. Industrial Products Inc.; Eagle-Picher Industries Inc.; Fibreboard Corporation; Forty-Eight Insulations Inc.; GAF Corporation; Rubberoid Company; Garlock Inc.; H. K. Porter Company Inc.; Keene Corporation; Nicolet Industries Inc.; Owens-Illinois Inc.; Pacor Inc.; Pittsburgh Corning Corporation; Raybestos-Manhattan Inc.; Raymark Industries Inc.; Raymark Corporation; Southern Asbestos Company; Turner & Newall, Ltd.; Uniroyal Inc. This court granted motions of summary judgment and judgment on the pleadings in favor of the following defendants: Armstrong World Industries Inc.; Pittsburgh Corning Corporation; Owens-Corning Fiberglas Corp.; Celotex Corporation; Southern Textile; H. K. Porter Co.; Forty-Eight Insulations; Uniroyal; Raymark; Eagle-Picher Industries Inc.; Pacor Inc. and Keene Corporation. According to the docket entries, all of these orders are on appeal.

wrongful death and survival actions under 42 Pa. C.S. §5524(2) (Purdon's 1981), it appears that plaintiff's proposed amendment would not be a futile exercise. See Pastierik v. Duquesne Light Co., 341 Pa. Super. 329, 491 A.2d 841 (1985); Powell v. Johns-Manville Corp., no. 1077 (Pa. Super. filed May 24, 1985). The question remains, however, whether this court retains jurisdiction to enter an order allowing amendment of plaintiff's complaint where appeals have been filed of orders granting summary judgment in favor of some defendants in a multi-defendant action.[2]

In Sullivan v. Allegheny Ford Truck Sales Inc., 283 Pa. Super. 351, 423 A.2d 1292 (1980), the Superior Court observed, in dicta: "It is within the discretion of the trial court to allow amendment to pleadings even after a judgment and award has been made and an appeal taken therefrom." Other cases have likewise expressed the general observation that an amendment may be allowed after an appeal has been taken from an award or arbitration. See Sheppard v. First Pennsylvania Banking and Trust Company, 199 Pa. Super. 190, 184 A.2d 309 (1962); City of Philadelphia v. MacDonald, 29 Pa. Commw. 102, 369 A.2d 1341 (1977). Analysis of the facts of these cases, however, reveals that none involved application to the trial court to amend a pleading after an appeal had been taken.[3] In Puleo

2. See note 1 supra.

3. In Sullivan, supra, plaintiff amended her complaint after a nonjury trial upon the advice of the trial judge. In Sheppard, supra, the Superior Court concluded that after a verdict had been rendered, a trial court could allow a defendant to amend its answer so that additional evidence might be submitted to a jury during a new trial. Finally, in City of Philadelphia, supra, defendants neglected to petition the trial court for leave to amend their answer; the appellate court considered this issue waived.

v. Broad Street Hospital, 267 Pa. Super. 581, 407 A.2d 394, 395 (1979), the Superior Court concluded it was error for a trial court to deny a plaintiff's application for reconsideration of an order granting judgment on the pleadings in favor of defendant in a malpractice action on the grounds of the statute of limitations where the application for reconsideration was accompanied by an affidavit concerning the date the injury was discovered. The trial court had been of the opinion that once it granted judgment on the pleading, it could not permit the requested amendment of the pleadings. The Superior Court explicitly rejected this view as "not mandated by procedural rule of law." Puleo, supra, 407 A.2d at 396. In passing, the Superior Court observed that plaintiff's motion for reconsideration was filed in conjunction with the filing of an appeal. This procedure, the court noted, was authorized by appellate rule 1701(b). Puleo, supra, 407 A.2d at 395-96. We note that although Rule 1701(b), Pa.R.A.P. sets forth certain exceptions as to when a trial court may proceed in a matter once an appeal has been taken from its order, the exception referred to in Puleo for motions of reconsideration is inapplicable to the instant motion to amend a complaint.[4] The other exceptions mapped out in Rule 1701(b) Pa.R.A.P. seem similarly inapplicable.[5] Although this rule al-

---

4. We note, parenthetically, that plaintiff filed her motion to amend more than a year after this court granted defendant Armstrong World Industries Inc.'s motion for judgment on the pleadings.

5. Rule 1701, Pa.R.A.P. provides in relevant part:

"(a) General rule. Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.

lows a trial court after an appeal is filed to "take such action as may be necessary to preserve the status quo [and] correct formal errors . . .," Rule 1701(b) (1), Pa.R.A.P., plaintiff's proposed amendment is not a mere correction of a formal error. Rather, it significantly changes the issues addressed in prior orders issued by this court which are presently under consideration by the Superior Court. Furthermore, Rule 1701(c), Pa.R.A.P. appears to specifically preclude additional action by this court that would affect resolution of a specific issue on appeal:

"(c) Limited to matters in dispute. Where only a particular item, claim or assessment adjudged in the matter is involved in an appeal, or in a petition for review proceeding relating to a quasijudicial order, the appeal or petition for review proceeding shall operate to prevent the trial court or other government unit from proceeding further with only such item, claim or assessment, unless otherwise ordered by the trial court or other government unit or by the appellate court or a judge thereof as necessary to preserve the rights of the appellant." Rule 1701(c), Pa.R.A.P.

The Superior Court has stated as a general proposition that the exceptions set forth in Pennsylvania

---

(b) Authority of a trial court or agency after appeal. After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:

(1) Take such action as may be necessary to preserve the status quo, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal in forma pauperis, grant supersedeas, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.

(2) Enforce any order entered in the matter, unless the effect of the order has been superseded as prescribed in this chapter . . . ."

Appellate Rule 1701(b) are inapplicable, "once a party takes an appeal to an appellate court the trial court is divested of jurisdiction over the subject matter until further order of the appellate court reinstating jurisdiction." Ingram v. Dovertown Estates Inc., 307 Pa. Super. 22, 452 A.2d 884, 886 (1982); Bartle v. Bartle, 304 Pa. Super. 348, 450 A.2d 715, 716 (1982). In a case more directly on point, Binswanger v. Levy, 311 Pa. Super. 41, 457 A.2d 103 (1983), the trial court sustained a demurrer and dismissed a complaint upon concluding that it failed to state a cause of action. Several weeks thereafter, plaintiffs filed a motion to vacate this order, alleged additional facts, submitted additional exhibits and asked that they be permitted to proceed to trial, or, in the alternative, file an amended complaint. When no action was taken on their motion to vacate the order and/or amend their complaint, plaintiffs filed an appeal of the order dismissing their complaint. The trial court thereafter denied plaintiff's motion to vacate the order or amend the complaint on the grounds that it was moot by virtue of the appeal.

After agreeing with the trial court that the complaint, as drafted, failed to state a cause of action, the Superior Court concluded that plaintiffs should nonetheless be given an opportunity to amend their complaint. In so doing, however, it observed that "once the appeal was filed the trial court properly refrained from taking any further action." Binswanger, supra, (citing Rule 1701, Pa.R.A.P.). The court further noted that under the facts of this case, plaintiffs had not waived their right to amend their complaint. It noted, in addition, that where a plaintiff has asked for leave to amend an appeal, the Supreme Court of Pennsylvania has granted such leave. Binswanger, supra, 457 A.2d at 107 (citing

Otto v. American Mutual Insurance Co., 241 Pa. Super. 423, 361 A.2d 815 (1976), reversed 482 Pa. 202, 393 A.2d 450 (1978).

On the basis of this precedent and Rule 1701, Pa. R.A.P., we conclude that this court lacks jurisdiction to rule on plaintiff's motion to amend her complaint; this motion is therefore denied without prejudice until the orders on appeal are remanded back to this court after the appellate court has relinquished jurisdiction.

## ORDER

And now, this July 8, 1985, it is hereby ordered and decreed that plaintiff's motion to amend her complaint is denied without prejudice to refile upon remand of the orders on appeal in this case by the Superior Court. Rule 1701, Pa.R.A.P.