J-A12016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN J. LATZANICH II, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEARS ROEBUCK AND COMPANY, | : | No. 3894 EDA 2017 |
| SEARS HOLDINGS CORPORATION | : | |
| AND DOES 2-10 | : | |

Appeal from the Order Entered October 24, 2017
In the Court of Common Pleas of Monroe County
Civil Division at No(s):  8634-CV-2015

BEFORE:  BOWES, J., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.:                                    **FILED JUNE 27, 2018**

John J. Latzanich, II, appeals *pro se* from the order entered October 24, 2017, in the Court of Common Pleas of Monroe County, granting summary judgment in favor of Sears Roebuck and Company and Sears Holdings Corporation (Sears).[1]  In this timely appeal, Latzanich raises two claims that the trial court erred in denying his discovery requests, and that, as a subsequent result of his inability to conduct discovery, erred in granting summary judgment in favor of Sears.  After a thorough review of the

_____

[1] Latzanich never identified, much less served, any of the John Doe defendants.  The trial court specifically dismissed the entire action after granting summary judgment in favor of Sears, therefore the order is final and appealable.  Latzanich does not appeal the dismissal of the non-existent claims against the John Doe defendants.

submissions by the parties, relevant law, and the certified record, we affirm based on the well-reasoned opinions of the Honorable David J. Williamson, dated June 13, 2016, April 7, 2017 and October 24, 2017.[2] The parties are directed to attach copies of the opinions in the event of further proceedings.

A brief history of this matter is required. Latzanich purchased a used lawnmower from Sears Roebuck in Stroudsburg, Pennsylvania, on July 10, 2012. The lawnmower cost approximately $200.00. Sears provided a two-year warranty on the machine, which was identical to the warranty given on a new lawnmower. Latzanich used the lawnmower through 2012 and 2013. In May, 2014, while still under warranty, the self-propel feature malfunctioned. Sears repaired the lawnmower, charging Latzanich only for a new mower blade, which was not covered under the warranty. The lawnmower functioned for the rest of the 2014 mowing season. In May, 2015, approximately 10 months after the two-year warranty expired, Latzanich alleged the self-propel feature again failed. Rather than pay the approximate $150.00 fee to have the machine repaired, Latzanich filed suit. The complaint contained four causes of action: 1) rescission,[3] 2) intentional and negligent misrepresentation, 3) violation of the Pennsylvania Unfair Trade Practices and

---

[2] These opinions address Latzanich's initial motion to compel answers to interrogatories and request for production of documents, motion to compel supplemental answers to interrogatories and supplemental request for production of documents, and the grant of summary judgment in favor of Sears, respectively.

[3] We note rescission is not a cause of action, it is a remedy.

Consumer Protection Law, and 4) breach of implied and express warranties. Latzanich sought actual damages, punitive damages (not to exceed 10% of defendants' net worth), attorneys' fees, prejudgment interest, and injunctive relief forbidding Sears from selling lawnmowers in Pennsylvania and from conducting any business in Pennsylvania.

During the course of the lawsuit, Latzanich sought production of documents and answers to interrogatories from Sears. Sears objected to many of the requests as irrelevant and/or vague and overbroad. Examples of the objected to information sought by Latzanich were: information regarding the prior owner of his lawnmower, all other similar lawnmowers sold by Sears, and all lawnmower advertising by Sears. The trial court agreed with Sears and denied most of Latzanich's discovery requests.[4]

At the close of discovery, Sears filed for summary judgment, which was granted by the trial court, having determined Sears had repaired the lawnmower which it was still covered by the warranty and when the machine allegedly malfunctioned the second time, it was no longer covered by the warranty. Additionally, Latzanich had produced no evidence demonstrating even the possibility of entitlement to relief on any of his other claims.

Our standard of review for a denial of a discovery motion is as follows:

---

[4] Depositions of Sears' representatives were conducted and written discovery such as repair information and bills for the lawnmower after it was purchased by Latzanich were supplied.

Orders regarding discovery matters are subject to the discretion of the trial court. **McNeil v. Jordan**, 586 Pa. 413, 894 A.2d 1260 (2006) . . . An appellate court will not disturb discovery orders without a "showing of manifest, unreasonableness, partiality, prejudice, bias, ill will, or such lack of support in the law or record for the [trial court's action] to be clearly erroneous." **Samuel-Bassett v. Kia Motors, Inc.**, 613 Pa. 371, 34 A.3d 1, 51 (2011).

**Hill V. Kilgallen**, 108 A.3d 934, 941 (Pa. Super. 2015).

Our standard of review for the grant of a motion for summary judgment is well known:

This court will only reverse the trial court's entry of summary judgment where there was an abuse of discretion or an error of law. **Merriweather v. Philadelphia Newspapers, Inc.**, 453 Pa.Super. 464, 684 A.2d 137, 140 (1996). Summary judgment is proper when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2. In determining whether to grant summary judgment a trial court must resolve all doubts against the moving party and examine the record in the light most favorable to the non-moving party. **Id.** Summary judgment may only be granted in cases where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law. **Id.**

**Rutyna v. Schweers**, 177 A.3d 927, 929 n.1 (Pa. Super. 2018).

The trial court's opinions, referenced above, provide a cogent analysis of the denials of Latzanich's discovery requests, as well as Sears' entitlement to summary judgment. Our review of this matter leads us to find the trial court has committed neither an abuse of discretion nor error of law

Order affirmed. Parties are directed to attach copies of the June 13, 2016; April 7, 2017; and October 24, 2017 trial court opinions in the event of further proceedings.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/27/18</u>

COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA


JOHN J. LATZANICH, II,          : NO. 8634 CIVIL 2015

      Plaintiff          :

      vs.          :

SEARS, ROEBUCK AND COMPANY,          :
SEARS HOLDINGS CORPORATION,          :
AND DOES 2-10,          :

      Defendants          : PLAINTIFF'S
                : MOTION TO COMPEL


## O P I N I O N

Plaintiff has initiated suit against Defendants regarding an alleged defective lawnmower purchased used from a Sears retail store. The lawnmower in question was purchased on July 10, 2012 for $228.98. Nearly two (2) years after purchase of the lawnmower, Plaintiff experienced problems with the self-propel system. Plaintiff was advised prior to his purchase that the lawnmower was returned to Sears by the previous owner for a similar problem. Sears had fixed that condition and issued a warranty on the lawnmower. Sears fixed the lawnmower for the Plaintiff, allegedly billing him $41.96 for service, even though the mower was still under warranty. Plaintiff used the lawnmower for the rest of 2014 without a problem. However, in

May of 2015, problems occurred again with the self-propel system of the mower. Although the Plaintiff spent a total of $270.94, and used the mower for three years (2012, 2013, 2014), he is seeking monetary damages in excess of the arbitration limits, an injunction against Sears, attorney's fees, punitive damages and interest. The issue before the Court is Plaintiff's Motion to Compel Discovery Responses.

A Rule was issued by this Court on March 29, 2016. The Defendant filed a Reply/Brief on April 5, 2016. The Plaintiff filed a brief on May 17, 2016. The Defendants have filed responses and objections to discovery requests. The Plaintiff requests an order that requires more complete answers, that overrules Defendants' objections, and for sanctions of $1,000.

We first address the Plaintiff's contention that Defendants waived any objection to the requested discovery by not answering timely. We note this matter was transferred to Monroe County from Federal Court on February 24, 2016. Answers to discovery were provided March 8, 2016 according to the signed certificate of service. That time period is not unreasonable and well within the time period set by the Pennsylvania Rules of Civil Procedure, once the matter was transferred to this Court. Even if the discovery requests were sent more than thirty (30) days prior to transfer of this matter to Monroe County on February 24, 2016, this Court had no jurisdiction over the matter until that time. Furthermore, we find no prejudice as a result and it is within this Court's discretion to allow the responses in the time period given.

We have reviewed the Answer to Interrogatories submitted with Plaintiff's Motion to Compel. Defendants have provided answers to Interrogatory #1, 2, 3, 4, 5, 6, 8, 11 and 17. The Defendants objected to Interrogatory #7, 9, 10, 12-16, 18 and 19 as vague and overly broad, burdensome, and not reasonably calculated to lead to discovery of admissible

evidence. We agree. The issue is the lawn mower sold to the Plaintiff, and not all lawnmowers of the same make and model sold or serviced by the Defendants. This is not a class action suit, nor is the request for such information reasonable in this case. The other information requested in these interrogatories is overly broad and burdensome under the circumstances. This matter involves the purchase of a used lawnmower, with a limited warranty, which was repaired on one occasion by the Defendants after purchase by the Plaintiff. Under these circumstances, the interrogatories objected to by the Defendants is unduly burdensome and not related to the issue of problems with this one particular lawnmower, in which the self-propelled drive system did not work properly.

The Reply to Request for Documents was also attached to Plaintiff's Petition. The Defendants objected to Request 1, 2, 4, 5, 6, 7 and 8 as vague, overly broad, burdensome and seeking information not reasonably calculated to lead to the discovery of admissible evidence. We agree. The information sought is in no way relevant to the problems the Plaintiff had with the mower, and/or is overly burdensome to the Defendants to obtain such information. The information sought might be relevant in a class action suit, but in this case is unreasonable under the circumstances, as it relates to this single lawnmower. The Defendants have answered Request #3 and 9, the only remaining requests. As such, we find that Defendants' Responses to Discovery are sufficient and we will deny Plaintiff's Motion to Compel.

Circulated 05/30/2018 03:12 PM

COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. LATZANICH, II, | : NO. 8634 CIVIL 2015 |
| Plaintiff | : |
| vs. | : |
| SEARS, ROEBUCK AND CO., et al., | : PLAINTIFF'S |
| | : SECOND MOTION TO COMPEL |
| Defendants | : AND REQUEST FOR SANCTIONS |

## O P I N I O N

Plaintiff John J. Latzanich, II has filed a Second Motion to Compel and Request for Sanctions concerning discovery disputes with the Defendants. This matter involves a claim for monetary damages for a faulty used lawnmower sold by the Defendant to the Plaintiff at the Stroudsburg, Pennsylvania Sears store. The Plaintiff also seeks injunctive relief to prevent future sales, punitive damages and attorney's fees. The Plaintiff is *pro se* in this matter.

We note there has already been contentious litigation between the parties in this matter. In review of the pleadings, the Second Motion to Compel and Response thereto, and the actual discovery in dispute, we will deny the Plaintiff's Motion.

First, Sears Holdings Corporation has provided adequate responses. The responses of Sears Holdings Corporation is that it is the parent company of Sears, Roebuck and

Co. and does not operate the retail business or service the Plaintiff's lawnmower, and refers to the responses of Sears Roebuck and Co. who does operate the retail business in question.

Plaintiff next objects to the answers provided by Sears, Roebuck and Co. However, we find that the responses of Sears, Roebuck and Co. adequately respond to the requests for discovery. For example, Sears, Roebuck and Co. responded to the questions as asked. The fact the Plaintiff does not like the answer given, or expected more information than given, or now argues that he meant a broader request for information than what was interpreted by the Defendant, will not entitle the Plaintiff to relief. We found several of the questions to be repetitive to ones previously asked by the Plaintiff, and others that have triggered additional questions by the Plaintiff. However, that does not mean the questions were not adequately answered by the Defendant. Much of the information requested appears irrelevant to a dispute over this particular used lawnmower, or is able to be gathered by way of a deposition. If Plaintiff does not know who to depose, then he can request a corporate designee, or manager of the Sears store in question. We find all of the requests were adequately answered as to what was asked.

Finally, we note the Plaintiff has now issued more than twenty-five (25) interrogatories total in this case. Although not raised as an objection by the Defendant, we remind the Plaintiff of the local rules limiting the total number of interrogatories to twenty-five (25), including subparts. The Plaintiff should be guided accordingly.

Circulated 05/30/2018 03:12 PM

COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA

JOHN J. LATZANICH, II,  : NO. 8634 CIVIL 2015

    Plaintiff  :

    vs.  :

SEARS ROEBUCK AND CO., et al.,  :

    Defendants  : DEFENDANTS'
                 : MOTION FOR SUMMARY JUDGMENT

## OPINION

Defendants Sears, Roebuck and Co. and Sears Holding Corporation (Defendants) filed a Motion for Summary Judgment. The other Defendants are Does 2-10, and have not been identified. Plaintiff seeks damages for Count I – Rescission; Count II – Negligent/Intentional Misrepresentation; Count III – Violation of Pennsylvania Unfair Trade Practices Act; and, Count IV – Breach of Express and Implied Warranties.

The purpose of summary judgment is to resolve matters based upon pleadings when a trial would be unnecessary because "a party lacks the beginnings of evidence to establish or contest a material issue." Ertel v. Patriot-News Co., 544 Pa. 93, 674 A.2d 1038, 1042 (1996). Summary judgment is appropriate when, at the closing of pleadings there is 1) no genuine issue as to material fact or 2) when the party bearing the burden of proof has failed to prove sufficient

evidence to prove the facts of the case. Pa.R.C.P. 1035.2. A material fact is one which affects the outcome of the case. Beach v. Burns Int'l Security Services, 593 A.2d 1285, 1286 (Pa. Super. 1991). The moving party has the burden of proving no issue of merit exists. Kafando v. Erie Ceramic Arts Co. 764 A.2d 59, 61 (Pa. Super. 2000). Evidence is viewed in the light most favorable to the non-moving party. Grandelli v. Methodist Hospital, 2001 Pa. Super. 155, ¶10, 777 A.2d 1138, 1144 (2001). In order to grant summary judgment, the non-moving party must have failed "to adduce sufficient evidence on an issue essential to his case upon which he bears the burden of proof such that no jury could return a verdict in his favor." Grandelli at 1143. Summary judgment is only appropriate when after pleadings have closed there remains no question that a jury would not return a verdict contrary to the moving party.

Plaintiff alleges a cause of action for Rescission, Negligent and Intentional Misrepresentation, Violation of the Pennsylvania Unfair Trade Practices Act and Breach of Express and Implied Warranties.[1] The basis for the claim is Plaintiff's purchase of a used lawn mower from the Sears store located in Stroudsburg, Pennsylvania on July 10, 2012. The lawn mower was covered by a two-year warranty. Plaintiff brought the lawnmower back to Sears for a repair of the self-propelled drive mechanism on May 2, 2014. The lawnmower was repaired and Plaintiff picked it up on June 15, 2014. The lawnmower repairs were covered under warranty at no charge to the Plaintiff. Repair records confirm the Plaintiff was only charged for a new blade and belt that were not covered under warranty. (Plaintiff's Brief, Exh. 4). Plaintiff continued to use the lawnmower for the rest of 2014. The warranty expired on July 10, 2014.

---

[1] Plaintiff raises the Magnuson-Moss Act in his brief; however, there was no cause of action for it in his Complaint and it will not be considered now.

Plaintiff encountered problems with the lawnmower in the spring of 2015 and again requested repairs by Sears under the warranty. Sears gave the Plaintiff an estimate of $150 for the repairs as the lawnmower was no longer covered under the warranty. This estimate was about $22 more than what the cost of the previous repairs would have been if not under warranty. (Plaintiff's Brief, Exh. 4). Plaintiff declined to have Sears repair the lawnmower and subsequently filed this suit on November 12, 2015. A Complaint was first filed in the Monroe County, Pennsylvania Court of Common Pleas. The matter was briefly removed to Federal Court during which time Plaintiff filed a First Amended Complaint. The matter was then transferred back to Monroe County, PA. Plaintiff seeks damages, attorney's fees, punitive damages and an injunction prohibiting Sears from selling lawnmowers in Pennsylvania.

Defendants filed this Motion for Summary Judgment and a brief on September 21, 2017. Plaintiff filed a brief on October 10, 2017 opposing the Motion.[2] Count I of the Amended Complaint seeks rescission. This is an equitable remedy to be granted only when the parties to a contract can be placed in their former positions prior to undertaking the contractual terms. Sullivan v. Allegheny Ford Truck Sales, Inc., 283 Pa. Super. 351, 423 A.2d 1292 (1980).

Plaintiff seeks a unilateral rescission of the contract due to misrepresentations by the Defendants as to quality of the product. Misrepresentation, or fraudulent conduct, requires a showing that 1) a representation was made; 2) about a material aspect of the transaction; 3) that was falsely made with knowledge or reckless disregard of the truth; 4) with an intent to mislead the other party; 5) justifiable reliance on the misrepresentation; and, 6) a resulting injury caused

---

[2] We will treat Plaintiff's brief as the response to the Motion for Summary Judgment required by the Rules of Civil Procedure.

by that reliance. *See* Gibbs v. Ernst, 647 A.2d 882 (Pa. 1994). In this case, Plaintiff has failed to put forth any facts in support of fraudulent conduct necessary for rescission.

Plaintiff argues the false representation was the Defendants' claim that Craftsman lawnmowers, like the one sold to Plaintiff, are a quality and durable product. Plaintiff alleges these assertions were made by an unidentified clerk employed by Defendant when Plaintiff purchased the subject lawnmower.[3] These are assertions made solely by the Plaintiff. There is no evidence cited that such representations were made, other than Plaintiff's own testimony, nor that such statements were false, nor intended to mislead. Plaintiff's allegations are based upon his experience with the subject lawnmower. He admits the following: that he went to Sears and bought a used lawnmower; that he was advised by a Sears employee that the self-propelled drive mechanism had previously failed and been repaired; that the lawnmower came with a warranty; and, that Craftsman products are known for quality and durability. Nearly two (2) years after purchase, the self-propelled drive mechanism failed and Plaintiff had it repaired under warranty. The self-propelled drive mechanism then allegedly failed again nine (9) months later after the warranty expired.

Plaintiff's own allegations confirm he was advised of a prior problem and that Sears believed it had been repaired. There is nothing misleading or false under those facts. Even if a clerk had stated that Craftsman lawnmowers are quality and durable products, Plaintiff has advanced no facts to show this is either misleading or false. The fact that this particular lawnmower needed to be repaired in the future, even if for the same problem, is not proof of

---

[3] Plaintiff argues he has been unable to identify the clerk's identity because Sears refuses to name the clerk; however, Sears has indicated they are unable to do so based upon their records. The issue is moot because even if the clerk made such statements, there is no proof it was false or misleading.

false or misleading statements about the quality or durability of a whole line of products. Plaintiff has no evidence that the mower was *per se* defective, or that Defendants knew or should have known it was defective when they sold it or that Defendants knew or should have known that this lawnmower was not a quality product. Plaintiff confirms Defendants told him about the prior repair before the sale to him. There are no facts to support Plaintiff's contention of false or misleading statements about the quality of Craftsman products, or the history and quality of this particular lawnmower, especially in light of Defendant's disclosure of the prior repair to the self-propelled drive mechanism. Therefore, summary judgment in favor of the Defendants on the claim for rescission is appropriate.

Plaintiff also seeks damages for negligent and intentional misrepresentation. Intentional misrepresentation requires the same legal showing as common law fraud. Id. Negligent misrepresentation requires: 1) a misrepresentation of a material fact; 2) the misrepresentation is made with knowledge thereof, or should have known of its falsity; 3) the misrepresentation is made with the intent of inducing the other to act on it; and, 4) injury results because of the justifiable reliance on the misrepresentation. Id. Here, Plaintiff has failed to set forth any facts of intentional or negligent misrepresentation. As set forth above in the discussion concerning rescission, Plaintiff was advised of the prior repair history. There is no evidence Defendants knew the lawnmower was defective or that they should have known the lawnmower was actually defective or that the Craftsman lawnmower is not a quality and durable product. For the same reasons as above, summary judgment in favor of the Defendants on the claim of negligent and/or intentional misrepresentation will be granted.

Count III of Plaintiff's Amended Complaint alleges a breach of warranty constituting a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law. ("UTPCPL"). The basis for the claim as alleged in the Amended Complaint is that the UTPCPL, 73 Pa. CSA §201.1 et seq., ". . . prohibits Defendant Sear (sic) from misrepresenting its products and prohibits confusion of or misleading the origin of said goods." (Plaintiff's First Amended Complaint, para. 33). In other words, Plaintiff has only sought relief under the Act for misrepresentation. There are no allegations therein for violation of the UTPCPL for breach of warranty or for violation of the Magnuson-Moss Act as argued in Plaintiff's brief. Therefore, only the claim for violation of the UTPCPL for misrepresentation, or fraud, will be considered for purposes of the summary judgment motion.

Plaintiff argues in his brief that the Defendants fraudulently marketed and sold a defective product. This is based upon Plaintiff's own experience with the lawnmower he purchased. This is not predicated on other sales, and such other sales are not relevant to this particular purchase. Plaintiff cites various arguments in his brief to support misrepresentation and fraud that he believes is a violation of the UTPCPL and reasons he has been hampered in his efforts to show proof thereof. However, there is only one fact at issue: whether or not there was a misrepresentation or fraud at the time of sale of the lawnmower to the Plaintiff. All other issues argued are irrelevant and/or fail to prove the fact at issue, even if accepted as true. As previously noted, Plaintiff admits he was advised of a prior problem and repair of the lawnmower's self-propelled drive mechanism. The lawnmower was represented and sold as a used product, with a representation made about the prior repair, and a two-year warranty was given to the Plaintiff. The drive mechanism needed to be repaired within two (2) months of the

expiration of the warranty and it was done at no charge for the warranty items. It is alleged that the drive mechanism needed additional repairs the following year.

Other than the fact that the drive system failed, no other facts have been put forward by the Plaintiff to support his claims of misrepresentation and fraud. There are no expert reports setting forth the reasons for the drive mechanism failure. There are no facts to show that Sears misrepresented or lied about either: 1) the condition of the lawnmower when sold to the Plaintiff, other than Plaintiff's own belief of such; or, 2) the reason for the repair that was disclosed to Plaintiff; or 3) the fact that it was a used lawnmower that came with the same warranty as if sold new. (See Defendants' Motion, Exh. D). Even assuming the allegations of the Plaintiff are true, there are no facts that support a misrepresentation or fraudulent conduct about the drive mechanism of this particular lawnmower. The general statements, advertising, or stated reputation for quality and durable products cannot prop up a claim for misrepresentation without actual proof. The two repairs to the lawnmower after purchase is not enough to prove misrepresentation or fraud concerning the condition or performance of the Plaintiff's lawnmower. As such, there can be no violation of the UTPCPL. Summary judgment will be granted as to Count III.

Plaintiff's final claim in the Amended Complaint is for breach of implied and express warranties. Plaintiff argues in his brief that the express warranty was breached by failing to provide Plaintiff with the warranty at time of sale. It appears in this case that the warranty provided was an extension of the original two-year warranty set forth in the owner's manual for this make and model lawnmower sold by Sears. Even though this lawnmower was a used lawnmower, Sears gave the same two-year warranty from time of sale to Plaintiff that comes

with a new lawnmower. (*See* Defendants' Motion, Exh. D). Whether the written warranty information and owner's manual were given to the Plaintiff at time of his purchase is not relevant to a breach of warranty claim. Rather, the issue is whether or not Sears breached an implied or express warranty by failing to honor such warranty. Therefore, failure to provide the written warranty at time of sale, even if true, is not a breach of an express warranty.

Breach of implied warranty presumes products will be free of substantial defects for a reasonable amount of time. 13 Pa. C.S.A. §2315; Allen-Myland, Inc. et al v. Garmin International, Inc., et al, 2016 Pa. Super. 107. Breach of express warranty is a failure to honor a written or oral warranty given at time of sale. 13 Pa. C.S.A. §2313; Allen-Myland, Inc., supra. To address the express warranty first, the lawnmower was warranted for repairs for two years from the date of sale to the Plaintiff. The lawnmower was sold July 10, 2012. It was presented for repairs under warranty May, 2014, and was repaired at no charge to the Plaintiff for warranty items. The lawnmower was presented for repairs again in the spring of 2015, after the expiration of the warranty on July 10, 2014. A breach of express warranty can only occur if a product is presented for repairs and denied during the term of the warranty period. Here, Sears performed all repairs requested during the term of the warranty with no charge for warranty items. Sears refused to perform repairs under the warranty in 2015 after the warranty had expired. Under the uncontested facts as presented, there can be no breach of an express warranty.

Plaintiff asserts various arguments why the express warranty should still apply after the two-year term. He cites the fact the lawnmower was repaired prior to his purchase for the same problem he later encountered. However, anything occurring prior to his purchase is irrelevant to a breach of express warranty given to him. The Plaintiff also states he was unaware

of the warranty term. Even if this is true, it does not change the express warranty given to him. Furthermore, if the warranty period and terms were important to him, he should have inquired further at time of purchase. In fact, Plaintiff stated in his deposition that he believed the warranty ran from the time that was remaining on the warranty given at time of initial purchase (prior to him) which he believed could have been a two-year, or a three-year, or a one-year. He thought the warranty was whatever was left following the original sale. Plaintiff could not recall if he saw anything in writing. (*See* Defendants' Motion Exh. B, deposition p. 25 lines 1-6). Plaintiff has the burden of proving at time of trial the existence of an express warranty and breach thereof, yet he could not recall with certainty what the terms of the warranty were on the lawnmower. Based upon Exhibit D of Defendants' Motion, the warranty was clearly for two (2) years from the date of Plaintiff's purchase, and Plaintiff has produced no evidence to the contrary.

Plaintiff also argues the length of time it took to perform the first repair after he owned the lawnmower, and the subsequent need for another repair the following year, somehow constitutes a breach of express warranty. There can be no breach of express warranty simply because it took Sears four (4) weeks to repair the lawnmower in May 2014. There is nothing in the warranty itself, or agreed to by the parties, that repairs will occur within a certain period of time. Plaintiff argues he was inconvenienced and had to buy a second lawnmower. The fact that Plaintiff bought a second lawnmower during the period the lawnmower at issue was being repaired makes good sense. Lawnmowers routinely break down, there are only so many locations servicing lawnmowers, and delays can occur. It is prudent to have a contingency plan if one mows their lawns regularly. Interestingly, Plaintiff acknowledges in his brief that "Sears

9

probably just needed to put a belt on this defective self-propelled mechanism which would have taken 10 minutes . . ." That begs the question of how a lawnmower could be defective if it only needed a belt. Nonetheless, Plaintiff offers no evidence to support a claim for breach of express warranty in the arguments and facts set forth.

Plaintiff's claim for breach of implied warranty rests with the alleged defective nature of the lawnmower, and likelihood repairs would continue to be needed. First, Plaintiff has offered no evidence, other than his own lay opinion, that the product is defective. His argument is that three (3) repairs of the drive shaft over a period of at least three (3) years is enough to prove it is defective. First, that assumes it was the same problem each time. It also assumes that it was a defect in the lawnmower, and not a wear and tear or maintenance issue. Plaintiff has offered no expert testimony as to the reason for the malfunction, or that there is actually a defect in the product. There could be numerous other reasons for the issue such as wear and tear, excessive terrain being mowed, bad belts, etc. Plaintiff himself stated in his brief that Sears "probably just needed to put a belt on . . .". Without expert testimony, or some other evidence besides his own testimony, Plaintiff cannot prove a defect just because repairs were needed, when there could be any number of causes.

Furthermore, it cannot be said that such problems arose in an unreasonable period of time. Again, Plaintiff offers no expert testimony or other evidence in support of this allegation. Also, this was a used lawnmower, sold for $200, with the representation it had the drive mechanism repaired prior to sale. There was no evidence as to how old the lawn mower already was at time of sale to the Plaintiff. There was no evidence of the amount or kind of use prior to the sale to Plaintiff. The drive mechanism failed one time near the end of the warranty

period. It allegedly failed in some manner nine (9) months later after regular use. There was no expert testimony or other proof what the problem was with the lawnmower. We cannot say that the time period in which repairs were needed is an unreasonable amount of time for this particular brand and/or model lawnmower or any brand or model of lawnmower. Lawnmowers break and/or need service for a variety of reasons. Without evidence of an actual defect, or testimony from an expert as to the cause for repairs or the unreasonableness of the time period in which repairs were necessary, there are no facts to support a breach of implied warranty. Therefore, summary judgment is appropriate as to the claims of breach of express and implied warranty. As all claims are being dismissed against Defendants Sears, and no Does 2-10 have been identified, the suit will be dismissed.